5957.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-3255-EFM-DJW |
| ) | |
| RICK PETERS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS RICK PETERS, ROBERT WARE AND JOHN DOE NOS.1-7'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT**

**I.     Nature of the Matter.**

Plaintiff, who is *pro se*, brings this action as a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff originally filed suit in November 2015 against the State of Kansas and its agency the Kansas Highway Patrol (KHP). Complaint (Dkt. #1). This Court previously found Plaintiff's claims against the State and KHP were barred under the 11th Amendment to the U.S. Constitution, dismissed Plaintiff's § 1983 claims against the State and KHP, and granted Plaintiff leave to amend his original Complaint to remedy numerous deficiencies in the pleadings. Order (Dkt. #10). Plaintiff filed an Amended Complaint on June 30, 2016 (Dkt. #11) adding Defendants Rick Peters, Robert Ware and John Doe Nos. 1-7 (collectively referred to as "KHP Defendants") who were employed as KHP officers by the State of Kansas. Currently pending before the Court is the KHP Defendants' Motion to Dismiss for which briefing is completed. (Dkts. ## 41 & 42). Plaintiff now seeks leave to amend his Amended Complaint (Dkt. #11). Plaintiff's request for leave to amend should be denied where Plaintiff has failed to attach the proposed amended complaint, the proposed amendments would be subject to dismissal, and the

1

proposed amendments are futile.

## II. Statement of Facts.

1. Originally, Plaintiff filed suit on November 12, 2015 against the State of Kansas and its agency the Kansas Highway Patrol (KHP) as well as the police departments of Morris and Riley Counties. Compliant (Dkt. #1).

2. Plaintiff's claims against the State of Kansas and the KHP were held by this Court to be barred by the immunity afforded to States under the 11th Amendment to the U.S. Constitution. Order (Dkt. #10), pp. 1-2 (citations omitted).

3. This Court also previously dismissed Plaintiff's § 1983 claims against Defendants the State of Kansas and the KHP as neither were "persons" subject to suit for damages under § 1983. Order (Dkt. #10), p. 2 (citations omitted).

4. Plaintiff filed an Amended Complaint (Dkt. #11) on June 30, 2016 wherein he asserted § 1983 claims against several individuals (Defendants Rick Peters, Robert Ware and John Doe Nos. 1-7 collectively referred to as "KHP Defendants") who were employed as KHP officers by the State of Kansas.[1]

## III. Questions Presented.

**A.** Should Plaintiff be granted leave to amend the Amended Complaint (Dkt. #11)?

## IV. Arguments and Authorities.

Plaintiff's Motion for Leave (Dkt. #72) should be denied where Plaintiff has articulated no valid claims sufficient to support amendment of his Complaint. Plaintiff's requested amendments fail to follow the rules of this court, fail to cure deficiencies by amendment previously allowed, would be subject to dismissal and are therefore futile. Thus, Plaintiff's

---

1  Plaintiff has also asserted claims against individuals employed as police officers by Morris and Riley Counties. Those Defendants are represented by separate counsel and the claims asserted against them by Plaintiff are not addressed in this motion.

2

request for leave to amend should properly be denied.

  **A.** **Standards Applicable to a Motion to Amend.** Federal Rule of Civil Procedure 15(a)(2) governs the grant of leave to amend once the deadline for amendment as a matter of course has passed. Where that is the case here, Rule 15(a)(2) provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Under the rule, leave is admittedly freely given when justice so requires. Id. However, the Court's discretion to freely grant leave to amend is not unfettered and without some level of restraint where it is reviewed for an abuse of discretion standard. Duncan v. Manager, Dep't of Safety, City & Cty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993)). Leave to amend may be denied where there is a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or **futility of amendment**. Id. Plaintiff's request for leave to amend should be denied in this instance where the proposed amendments are futile.

  **B.** **As an initial matter, Plaintiff is not excused from following the rules of this Court, which he has failed to do with respect to this Motion for Leave to Amend.** Pursuant D. Kan. Rule 15.1, a party filing a motion to amend or motion for leave to file a pleading must: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6. Plaintiff has failed to attach the proposed pleading or other document. Plaintiff's motion (Dkt. #72) cites to time constraints in typing the Second Amended Complaint. Motion, p. 4, ¶ 5. Defendants are aware of no deadline that would have prohibited Plaintiff from waiting to file the motion for leave to amend until such time as the Second Amended Complaint could be

drafted and included. A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance. Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing various cases dismissing *pro se* cases for failure to comply with the rules). Further, Plaintiff's request for extension of time to file the amended complaint should be denied as premature and moot where Plaintiff has not been granted leave to amend the complaint and there is no pending deadline for Plaintiff to file an amended complaint. Plaintiff has simply failed to follow the rules of this Court by failing to attach the amended complaint to his request for leave to amend. Therefore, Plaintiff's Motion for Leave to Amend (Dkt. #72) should be denied.

        **C.**     **Plaintiff's proposed amendments are futile.** Justice does not require the allowance of a futile amendment and, as is the case here, where the granting of leave to amend would be futile it should be denied. See Potts v. Boeing Co., 162 F.R.D. 651 (D.Kan. 1995); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990); see also 6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1487 at 643 (1990). An amendment is futile if it would be subject to dismissal. Steinert v. The Winn Grp., 190 F.R.D. 680, 682 (D. Kan. 2000).

To survive a motion to dismiss, a plaintiff must plead "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). In pleading grounds for entitlement to relief, a plaintiff must provide more than just speculative allegations and must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. (internal citations omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949. Plaintiff's proposed amendments are subject to dismissal, and therefore futile, where they are precluded by the previous rulings of this court, and are otherwise subject to dismissal as articulated in Defendants' pending Motion to Dismiss (Dkt. #41).

**1. Plaintiff's proposed amendments to add the KHP Agency, request that the individuals be reprimanded, and for policy changes (Paragraphs 6, 7 and 9) are futile where they have been precluded by this Court's previous Order (Dkt. #10) and/or already included in Plaintiff's Amended Complaint (Dkt. #11).** The Court previously dismissed the State and its agency, the KHP, from this suit where they are immune under the Eleventh Amendment and are not persons amenable to suit under § 1983. Order, Dkt. #11. This Court further noted previously that "Plaintiff has not pointed to any policy or deficiency in the training program used by the Kansas Highway Patrol . . . Nor has he shown any causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of the unknown police officers. Even if he could, Plaintiff cannot state a claim for relief under § 1983 merely by pointing to this one incident." Id. at 3. The proposed amendments as described do nothing to cure or otherwise address the deficiencies which previously led to this Court's dismissal of the KHP Agency. See Hopkins v. State, 702 P.2d 311, 316 (Kan. 1985) (holding the Kansas Highway Patrol did not have capacity to sue or be sued).Thus, Plaintiff's requested amendment to re-add the KHP is subject to dismissal, is futile and should therefore be denied.

Plaintiff also suggests that he would like the officials involved to be addressed and reprimanded. Motion for Leave to Amend, p. 2, ¶ 7, Dkt. #72.This claim is also subject to


dismissal where none of the named KHP Defendants control training requirements, audio or video recording requirements, or have the authority to issue discipline or suspend pay. Plaintiff does not offer any facts or other support to suggest that any of the named KHP Defendants have any authority to grant him the requested injunctive relief. Thus, Plaintiff's claims for injunctive relief are subject to dismissal for failure to state a claim upon which relief may be granted as explained more fully in the KHP Defendants' pending Motion to Dismiss. (Dkt. #41). Similarly, Plaintiff requests policy changes in Paragraph 9 of his Motion. Motion for Leave to Amend, p. 3, ¶ 9, Dkt. #72. Plaintiff has already requested this relief in his Amended Complaint. Dkt. #11-1, p. 13. While such a request is improper and subject to dismissal where the KHP Defendants have no authority to grant such relief, Plaintiff's request for amendment on the basis of the same is futile.

**2.     Plaintiff's proposed amendments to add the 4th amendment objective reasonableness standard (Paragraph 5) are futile where such claims are subject to dismissal for failure to state any valid claim upon which relief could be granted.** Plaintiff states that he would like to add a "4th amendment objective reasonableness standard clause against KHP Officials." Motion for Leave to Amend, p. 2, ¶ 5, Dkt. #72. Plaintiff's request does not cite to any additional facts in support of this claim, and does not state specifically which individuals to which this claim applies. <u>Gallardo</u>, 857 F. Supp. at 786. <u>Iqbal</u>, 129 S.Ct. at 1950. On this basis, this claim would be subject to dismissal for failure to state any viable claim upon which relief could be granted under such a theory. <u>See</u> <u>also</u> <u>Graham v. Connor</u>, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867, 104 L. Ed. 2d 443 (U.S. 1989).

<u>D.     The remaining issues raised in Plaintiff's Motion for Leave to Amend (Paragraphs 8 and 10–12) are discovery issues not properly before this Court in a motion</u>

**for leave to amend the Amended Complaint.** Plaintiff's motion also requests names and contact information for all officials involved (Paragraph 8), handbooks, rules and regulations, and procedures of the KHP (Paragraph 10), written reports (Paragraph 11), and disciplinary actions taken by the KHP (Paragraph 12). None of these issues are properly before the Court on a motion for leave to amend the petition, as they are requests for documents and information that should be raised through discovery, which has been stayed by the Court's Order entered December 9, 2016 (Dkt. #52).

### E.     Conclusion.

Plaintiff's proposed amendments seek to add claims which are futile. Accordingly, Plaintiff's Motion (Dkt. #72) should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
Phone: (913) 371-3838
Fax: (913) 371-4722
Email:  ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
       Gregory P. Goheen     #16291
       Robert L. Turner, IV  #26661

*Attorneys for Defendants Rick Peters and Robert Ware*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 3rd day of April, 2017 to:

Samuel Lee Dartez, II #87393
Hutchinson Correctional Facility
PO Box 1568
Hutchinson, KS 67504
Plaintiff, *Pro Se*

Toby Crouse
Foulston Siefkin, LLP
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210
Attorneys for Defendants John Riffel,
Charles Rodman and Dan Good

David Cooper
Kevin Grauberger
Fisher Patterson Sayler & Smith, LLP
3550 S. W. 5th Street
Topeka, KS 66606
Attorneys for Defendants Robert Dirks, Mark French
and Brian Johnson

              /s/ Gregory P. Goheen