# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SAMUEL LEE DARTEZ, II,

      *Plaintiff,*

vs.

      Case No. 15-03255-EFM-DJW

RICK PETERS, et al.,

      *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Samuel Lee Dartez, II brings this action against nine Kansas Highway Patrol ("KHP") officers and supervisors: Rick Peters, Robert Ware, and John Doe Nos. 1–7 (collectively the "KHP Defendants"); Riley County Police Department ("RCPD") Detectives: French, Johnson, and Dierks (the "RCPD Defendants"); Morris County Sheriff's Department ("MCSD") Deputies Charles Rodman and Dan Good, and MCSD Undersheriff John H. Riffel (the "MCSD Defendants"). Dartez alleges that his Fifth, Eight, and Fourteenth Amendment rights were violated by Defendants during the course of his 2014 arrest.

On November 10, 2016, the MCSD Defendants filed a motion seeking summary judgment on the claims against them (Doc. 36). On March 27, 2017, before the Court had ruled on that motion, Dartez filed a motion seeking leave to amend his complaint, and an extension of time to file the amended complaint (Doc. 72). All of the Defendants separately opposed this

motion (Docs. 73, 74, 75).  Notably, on April 3, 2017, the KHP Defendants filed a memorandum

in opposition to Dartez's motion for leave to amend.  Then, on April 28, Dartez filed a Motion

for Leave to Respond to Defendant(s) Motion in Opposition to Plaintiff's Motion for Leave to

Amend Complaint (Doc. 78).    Dartez attached his Reply to the motion, which was unopposed.

As a preliminary matter, the Court grants that motion and will consider Dartez's reply.

Because Dartez's proposed Second Amended Complaint could arguably modify some of

the claims in the First Amended Complaint that the MCSD Defendants are seeking summary

judgment on, the Court must determine whether Dartez may again amend his complaint.  For the

reasons stated below, the Court denies Dartez's motion for leave to amend, and grants the MCSD

Defendants' motion for summary judgment.

## I.    Factual and Procedural Background

### A.    Dartez's Original Complaint

Dartez filed his complaint on November 12, 2015, naming KHP, RCPD, MCPD, and the

State of Kansas as Defendants.  Dartez alleged that the action arose from the following events:

> On November 13th 2014 within the jurisdiction of Morris County I was brutally
> beaten to within one inch of my life by the Kansas Highway Patrol tactical/SRT
> team(s).  The incident was observed, initiated, instructed and administered by
> RCPD, MCPD, and KHP SRT/Tacticle [sic] Team personal [sic].  I was for about
> 30-45 [seconds] if not more.  MCPD Under Sheriff John H. Riffel says there is
> video of incident, but no one can locate it.  I was rushed to the ER the next day for
> multiple x-rays, CAT-scans, MRIs etc.

Ultimately, Dartez brought three claims in this original complaint.  In Count I, Dartez claimed

"[p]olice brutality and excessive use of force" by the KHP Special Response Team.  In Count II,

Dartez claimed an Eighth Amendment constitutional right violation.  And Dartez claimed a

Fourteenth Amendment violation in Count III.  He requested "[c]ivil and monetary relief for

injuries sustained, emotional distress, and pain and suffering."  He also requested "[l]egal relief by pursuing criminal charges against those involved and procedural investigations."

On June 2, 2016, Magistrate Judge Waxse entered a screening order pursuant to 28 U.S.C. § 1915A(a) & (b).  Judge Waxse concluded that the State of Kansas and its agencies—such as the KHP—are absolutely immune to suit for money damages under the Eleventh Amendment, and are not "persons" that Congress made amenable to suit for damages under § 1983.  Because Dartez failed to name any "persons" as a defendant, he did not name a single proper defendant.  Furthermore, Dartez failed to point to a policy of deficiency in the training program used by the KHP, RCPD, or MCPD.  Accordingly, Judge Waxse granted Dartez 30 days to file an "Amended Complaint" naming proper defendants and setting forth sufficient facts which show the personal participation of each person named as a defendant in the alleged use of excessive force.[1]

## B.    Amended Complaint

Dartez filed an amended complaint on June 30, 2016, asserting multiple claims under 42 U.S.C. § 1983 against the KHP Defendants, RCPD Defendants, and MCSD Defendants.  Specifically, he claimed that during his arrest on November 13, 2014 he was "brutally beaten . . . within an inch of [his] life" by the KHP Special Response Team.  According to Dartez, he was "kicked, punched, hit with shields, slammed and jumped on excessively."  Then, after he was handcuffed, he "was again punched, kicked and severely beaten by the [KHP Special Response Team]."  Furthermore, "[n]o one from any agency or police department present came forward

---

[1] The order provided that Dartez could use fictitious names, such as "John Doe" and "Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights.  However, if Dartez chose to use fictitious names "he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service."

and/or tried to help [him] or stop" the KHP Special Response Team from "beating" him. As a result, he claimed to have suffered "severe pain, swelling, dizziness, concussion, temporary blindness, & loss of motor skills, etc."

In Count I, Dartez claims "[p]olice brutality and excessive use of force by the [KHP Special Response Team]." The "supporting facts" provide: "During my arrest . . . I was kicked, punched, hit with shields, slammed and jumped on excessively. Then, after I was handcuffed I was again punched, kicked and severely beaten by the [KHP Special Response Team]. While I screamed and cried for them to stop I was not violating any laws or acting disruptively in any way."

In Count II, Dartez claims that the KHP Special Response Team violated his Eighth Amendment rights causing him "pain, suffering, physical injury and emotional distress." Dartez provided the following supporting facts: "The members of the [KHP Special Response Team] severely beat and attacked me during my arrest while I was not violating any laws or behaving disruptively in any manner, and while I was screaming and crying for them to stop."

Next, in Count III, Dartez claims that his Eighth Amendment rights were violated by "all other defendants named" by "witnessing the KHP [Special Response Team's] illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct . . . ."

In Count IV, without naming the Defendant(s) against whom the claim is being brought, Dartez claims violations of his Fifth and Fourteenth Amendment rights. He specified: "By being beaten and being allowed to be beaten by the [KHP Special Response Team] during an arrest for a crime I allegedly committed I was refused my rights of due process of law as well as being innocent until proven guilty . . . ."

In Count V, Dartez claimed the RCPD detectives were deliberately indifferent to his medical needs by neglecting to transport him to the hospital after his arrest. Immediately following Count V, Dartez added a provision which stated: "All illegal actions listed caused me injury to my Fifth, Eighth and Fourteenth Amendment rights and still cause pain, suffering, and emotional distress."

## C.  MCSD Defendants' Motion for Summary Judgment

On November 10, 2016, the MCSD Defendants filed a motion for summary judgment. The MCSD Defendants argued that (1) they did not violate Dartez's constitutional rights, and (2) they are entitled to qualified immunity. In the motion, the MCSD Defendants pointed out that while Dartez's Amended Complaint asserted that the MCSD Defendants deprived him of his Fifth, Eighth, and Fourteenth Amendment rights, the Fourth Amendment's objective reasonableness standard is the only possible basis for his claim. However, even under the Fourth Amendment (which Dartez failed to plead), Dartez's claim would still fail because there is no allegation or evidence suggesting that the MCSD Defendants personally participated in the alleged use of excessive force, and the evidence shows that the MCSD Defendants did not have a reasonable opportunity to intervene.

On the same day, the MCSD Defendants filed a Notice to *Pro Se* Litigant Who Opposes a Motion for Summary Judgment (Doc. 38), as required by Local Rule 56.1.

## D.  Dartez's Motion for Leave to Amend Complaint

On March 27, 2017, Dartez filed a "Motion for Leave to Amend Complaint, and A Motion for Extension of Time to File Amended Complaint" (Doc. 72). In his motion, Dartez provided a list of requests. However, only two of those requests relate to amending the complaint. First, Dartez requested leave to add the Fourth Amendment "objective

reasonableness standard clause against the KHP Officials." Second, Dartez requested leave to "re-add the KHP Agency to the suit for the purposes of injunctive relief."

The rest of Dartez's requests can loosely be classified as requests for injunctive relief or discovery requests. The motion provided, in relevant part:

> 7.    I would like the officials involved within this suit to be properly addressed and reprimanded by their prospective employer.
>
> 8.    I would like to retrieve the names and contact information about all officials involved so that they can be properly identified and added to this complaint.
>
> 9.    I would like for the Kansas Highway Patrol and its actors to change their policy about how and when they proceed to activate their Tactical, SRT and other similar units in any situation. Provided that their policy is not to video (audio and/or video) their Tactical, SRT Teams activations.
>
> 10.    I would like to receive the handbook, rules and regulations, proper procedures etc. used, studied and/or needed to be obtained by all KHP personnel.
>
> 11.    I would like the written reports, if any, about the day in question of the incident.
>
> 12.    I would like to know what action(s) the KHP Agency has taken, or plans to take, against the officials involved with the incident basing from this suit.

However, Dartez did not attach a proposed amended complaint. Instead, Dartez also included a request for an extension of time to file his proposed Amended Complaint. He claimed that his Complaint "is about 10 pages long, without the Exhibits, and would take a substantial amount of time to type up." He requested a seven-day extension, from March 27 to April 3.

**E.    Dartez's Proposed Second Amended Complaint**

One week later, on April 3, 2017, Dartez filed his Proposed Second Amended Complaint (Doc. 76), as a supplement to his motion for leave to amend complaint. In his proposal, Dartez names the same defendants that were named in the Amended Complaint, with one addition: the

Kansas Highway Patrol. The proposal states that KHP was acting under color of state law, because it "dispatched Rick Peters, Lt. Ware and John Does 1–7 to the location and possesses the information pertaining to who they are, the reports that were made on the day in question and has the authority to reprimand and sanction how they see fit, as pertaining to their employment, what training they have been through and duties performed etc."

Count I does not deviate from the Amended Complaint, alleging "[p]olice brutality and excessive use of force by the KHP SRT/Tactical Team." Count II alleges a violation of Dartez's rights under the Fourth Amendment objective reasonableness standard, causing Dartez "pain, suffering, physical and emotional injury and distress," as well as some "mental retardation and loss of motor skill(s)."

Count III in the proposal appears to reflect substantially the same claim as set forth in the Amended Complaint: violation of Dartez's rights under the Eight Amendment inflicting cruel and unusual punishment, and causing severe pain, suffering, physical injury and emotional distress. It appears that this claim is brought specifically against the KHP Defendants. Similarly, Count VII also claims Eighth Amendment violations, this time apparently directed at the MCSD Defendants.

Count IV claims that the KHP Defendants violated Dartez's rights under Section 9 of the Kansas Constitution Bill of Rights "by inflicting cruel and unusual punishment."

Count V claims that the KHP Defendants "are in violation of the Universal Declaration of Human Rights and its Article(s) (1), (2), (3), (5), (6), (7), (12), (28) & (30)." Count VIII alleges the same against the MCSD Defendants, and Count XII alleges the same against the RCPD Defendants.

Counts VI and IX both claim violations of Dartez's rights under the Fifth and Fourteenth Amendments "by way of Due Process," against the KHP Defendants and the MCSD Defendants respectively.

Finally, the proposal also brings two deliberate indifference claims. Count X alleges deliberate indifference by the MCSD Defendants "for failure to adequately respond and stop the KHP Officials from inflicting wanton pain and affliction" onto Dartez. And Count XI alleges deliberate indifference by the RCPD Defendants "by the way of neglecting much needed medical attention."

In sum, Dartez seeks to bring seven new claims in his proposed complaint under a number of new theories. The Amended Complaint only contained claims under the Fifth, Eighth, and Fourteenth Amendments (as well as an unspecified "police brutality and excessive use of force" claim and an unspecified "deliberate indifference" claim). The proposed complaint brings claims under those same theories, but adds new claims under the Fourth Amendment, the Kansas Constitution, and the Universal Declaration of Human Rights.

## II.    Discussion

### A.    Motion for Leave to Amend Complaint[2]

Because an amended complaint could obviate the need to rule on the motion for summary judgment, the Court will first address Dartez's motion for leave to amend his complaint. Fed. R. Civ. P. 15(a) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after service of a responsive pleading or a Rule 12

---

[2] As mentioned above, the Court grants Dartez's Motion for Leave to Respond to Defendant(s) Motion in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 78). The Court will therefore consider the reply that Dartez attached to the motion in ruling on his motion for leave to amend complaint.

motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[3] "The court should freely give leave when justice so requires."[4]

Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[5] The Court may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6]

The Defendants first argue that leave to amend should be denied because Dartez failed to comply with D. Kan. Rule 15.1(a) by not attaching a copy of the proposed amended complaint to his motion. Additionally, defendants argue that leave to amend should be denied because the proposed amendment is futile.

### 1. Local Rule 15

Local Rule 15 provides that a party filing a motion to amend a pleading or other document that may not be filed as a matter of right must "set forth a concise statement of the amendment or leave sought" and "attach the proposed pleading or other document."[7] Dartez undisputedly failed to do so in this case. However, in lieu of attaching the proposed pleading, Dartez included in his motion a request for a seven-day extension of time to file his proposed

---

[3] Fed. R. Civ. P. 15(a)(2).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[6] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] D. Kan. Rule 15.1(a)(1), (2).

amended complaint, up to and including April 3, 2017. Dartez then proceeded to file the Proposed Third Amended Complaint on April 3.

In opposing this request, Defendants argue that they are "aware of no deadline that would have prohibited Plaintiff from waiting to file the motion for leave to amend until such time as the [Third] Amended Complaint could be drafted and included." The Court is similarly perplexed as to why Dartez did not simply wait one week to finish drafting his proposed complaint before filing his motion for leave to amend. Regardless, the Court's ultimate directive is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[8] The Court will therefore construe Dartez's proposed amended complaint as a supplement to his motion to amend. Accordingly, the Court concludes that Dartez substantially complied with Local Rule 15.1, and any shortcomings are not significant enough to be the basis for denying the motion to amend.

### 2. Futility

Defendants argue that Dartez's proposed amendments would be subject to dismissal, and therefore futile, because they are precluded by the previous rulings of the Court, and are otherwise subject to dismissal as articulated in the KHP Defendants' Motion to Dismiss.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason."[9] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must

---

[8] *Minter*, 451 F.3d at 1204 (quoting *Hardin*, 691 F.2d at 456).

[9] *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)).

contain "enough facts to state a claim to relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

First, Dartez's request to "re-add the KHP Agency to the suit for the purposes of injunctive relief" is futile because the Court previously dismissed KHP from the suit because the agency is immune under the Eleventh Amendment and it is not a person amenable to suit under § 1983.[12] The proposal does nothing to cure this deficiency, and is therefore futile.

Second, Dartez's motion for leave to amend contains a number of discovery requests. Dartez requests names and contact information for all officials involved; handbooks, rules and regulations, and procedures of the KHP; written reports; and disciplinary actions taken by the KHP. These issues are not properly before the Court on a motion for leave to amend, as they are requests for discovery, which has been stayed pending the Court's ruling on the dispositive motions. Accordingly, these proposals are also futile.

Third, Dartez's motion for leave to amend contains a number of requests for injunctive relief. Dartez requests that the officials involved in this suit to be properly addressed and reprimanded by their employers, and for KHP to change its policy about how and when to activate the "Tactical, SRT and other similar units in any situation." These requested amendments are also futile. Dartez does not offer any facts or other support to suggest that any of the Defendants have any authority to grant him the requested relief. Furthermore, the request

---

[10] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *See Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006) (citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)) ("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

is directed at the individual Defendants' employers, which includes the KHP, MCSD, and RCPD, who are not named defendants in this action. Accordingly, these amendments are futile.

Fourth, Dartez's Proposed Third Complaint contains a number of new claims that were not listed in his Amended Complaint, nor were they listed in his motion for leave to amend. The proposed complaint adds new claims under the Kansas Constitution and the Universal Declaration of Human Rights. Dartez's claim that Defendants violated the Kansas Constitution cannot support a § 1983 claim because "a plaintiff must allege a deprivation of a *federally* protected right under color of state law."[13] "A violation of state law alone does not give rise to a federal cause of action under § 1983."[14] And despite the "moral authority" of the Universal Declaration of Human Rights, it does not "impose obligations as a matter of international law,"[15] nor does it provide a basis for Dartez's § 1983 claim.[16] Accordingly, these amendments are also futile.

Finally, Dartez requests to "add the 4th Amendment objective reasonableness standard clause against the KHP Officials" in his Second Amended Complaint. His Proposed Third Amended Complaint provides:

> Count II: Violation of my rights under the Fourth Amendment of the United States Constitution objective reasonableness standard, causing me pain, suffering, physical and emotional injury and distress, some mental retardation and loss of motor skill(s).

---

[13] *Thompson v. Galetka*, 42 F. App'x 397, 399 (10th Cir. 2002) (emphasis added).

[14] *Id.*

[15] *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004).

[16] *See Medina v. Pataki*, 2007 WL 1593029, at *8–9 (N.D.N.Y. 2007) (concluding that the Universal Declaration of Human Rights cannot form the basis of a § 1983 claim because it was not ratified by the U.S. Senate and does not create a private right of action); *Chinloy v. Seabrook*, 2014 WL 1343023, at *4 (E.D.N.Y. 2014) (concluding that Universal Declaration of Human Rights does not provide a basis for a § 1983 claim).

Supporting Facts: During my arrest on the day in question, members of the KHP SRT/Tactical Team acted in a manner that was completely unreasonable and violated my essential protected rights by severely beating and kicking me in a manner that inflicted wanton stress and pain with no justification what-so-ever.

As the MCSD Defendants point out in their memorandum in support of their motion for summary judgment, the Fourth Amendment's objective reasonableness standard is the only possible basis for Dartez's claim.[17]  However, Dartez failed to claim violations of his Fourth Amendment rights in his Amended Complaint.  Dartez's motion for leave to amend and supplemental proposed amended complaint contain the first mentions of the Fourth Amendment.

One of the basic objectives of the Federal Rules is to determine cases on their merits, which is furthered by a liberal policy allowing amendments to correct errors in the pleadings.[18]  And, as is relevant here, courts may allow a party to amend in order to change the nature or theory of the party's claim.[19]  In accordance with these principles, it would seem just to grant Dartez's motion for leave to make this single, narrow amendment, by allowing Dartez's complaint to reflect the Fourth Amendment theory.

However, Dartez does not need to amend his complaint in order to pursue his § 1983 claim under the theory that his Fourth Amendment rights were violated during the course of his arrest.  The U.S. Supreme Court has established that pro se complaints are subject to "less stringent standards than formal pleadings drafted by lawyers," and should be liberally construed

---

[17] *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("So, because the Fourth Amendment protects against '*unreasonable* searches and seizures' and pertains to the events leading up to and including an arrest of a citizen previously at liberty, excessive force claims arising during this period are generally reviewed under a relatively exacting 'objective reasonableness' standard.").

[18] 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1474 (3d ed. 2017).

[19] *See, e.g.*, *Foman*, 371 U.S. 178; *Aalco Const. Co. v. F. H. Linneman Const. Co.*, 399 F.2d 516 (10th Cir. 1968) (allowing plaintiff to file an amendment abandoning its basis of the action on a letter from subcontractor to the general contractor, and to instead rely on an oral contract of indemnity).

in the plaintiff's favor.[20]  Thus, a pro se plaintiff's "mere citation of the wrong constitutional amendment does not preclude his cause of action so long as the facts he alleges state a claim under an obviously applicable constitutional provision."[21]  In other words, the Court will still consider his allegations under the Fourth Amendment framework, even though the Amended Complaint incorrectly alleges violations of the Fifth, Eighth, and Fourteenth Amendments.

Accordingly, this is not a case where "justice so requires" leave to amend.  All but one of Dartez's proposed amendments are futile and subject to dismissal.  And the lone, non-futile amendment is essentially redundant because the Court will still consider the facts alleged in the Amended Complaint under the "obviously applicable constitutional provision."[22]  Therefore, Dartez's Motion for Leave to Amend Complaint, and A Motion for Extension of Time to File Amended Complaint is denied.

## B.  MCSD Defendants' Motion for Summary Judgment

Next, the Court will address the MCSD Defendants' motion for summary judgment.  The MCSD Defendants move for summary judgment on Dartez's claims that they deprived him of his Fifth, Eighth, and Fourteenth Amendment rights because they "allowed" him to be beaten by "witnessing the [KHP Special Response Team's] illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct.  The MCSD Defendants argue that (1) they did not violate Dartez's constitutional rights, and (2) they are entitled to qualified immunity.  Dartez counters that each of the MCSD Defendants did violate his constitutional rights, and they are not entitled to qualified immunity.

---

[20] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[21] *Slayton v. Willingham*, 726 F.2d 631, 634 n.7 (10th Cir. 1984).

[22] *Id.*

As an initial matter, Dartez argues that summary judgment should be denied because he cannot get the declarations he needs, and he has not yet had access to discovery. He asserts that "[t]he defendants here are trying extremely hard to refuse discovery in this case." Specifically, Dartez claims that "defendants have video of the incident and/or [have] evidence of the alleged cover-up of the attack." The MCSD Defendants did not address this argument in their reply.

"[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[23] "Requests for further discovery should ordinarily be treated liberally."[24] "But relief under Rule 56(d) is not automatic."[25] "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[26]

Dartez's memorandum in opposition arguably contains some of the information required in Rule 56(d), but it certainly does not satisfy the third and fourth requirements. In his memorandum, Dartez does not identify past steps to obtain evidence, and he offers no explanation how additional time would allow for rebuttal of the MCSD Defendants' argument in support of summary judgment. Regardless, the Court may not look beyond the affidavit in

---

[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

[24] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Comm. For First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[25] *Id.*

[26] *Id.* (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

considering a Rule 56(d) request.[27] Here, Dartez's Rule 56(d) argument is contained in his memorandum, not in a separate affidavit. Accordingly, the Court declines to postpone ruling on summary judgment under Rule 56(d).

Next, the MCSD Defendants argue that their material facts as set forth in their memorandum in support of the motion for summary judgment are deemed admitted because Dartez failed to controvert the MCSD Defendants' statement of uncontroverted facts. Fed. R. Civ. P. 56 (e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Similarly, Local Rule 56.1(a) provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." Local Rule 56.1(b)(1) explains the proper procedure for controverting facts. It requires the nonmoving party to number the facts and "refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed."[28]

---

[27] *Id.*; *see also Campbell*, 962 F.2d at 1522 ("[C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule [56(d)] and results in a waiver.").

[28] D. Kan. Rule 56.1(b)(1).

In his response to the MCSD Defendants' motion for summary judgment, Dartez failed to controvert any of the facts asserted by the MCSD Defendants as the rules require. Although the Court must construe the pleadings of pro se litigants liberally, parties proceeding pro se "still must comply with the procedural rules or suffer the consequences of noncompliance."[29] This includes the Local Rules.[30]

Here, Dartez failed to controvert any of the MCSD Defendants' statement of material facts, because he neglected to cite to particular parts of the materials in the record, as required by Fed. R. Civ. P. 56(c)(1). Additionally, he failed to begin his memorandum in opposition to the motion for summary judgment "with a section containing a concise statement of material facts as to which the party contends a genuine issue exists," and failed to number each fact in dispute by paragraph as required by Local Rule 56.1(b)(1). Accordingly, the Court will consider the MCSD Defendants' statement of material facts as undisputed for the purposes of summary judgment.

### 1. Uncontroverted Facts[31]

On November 13, 2014, the MCSD Defendants responded to a dispatch attempt to locate Dartez near the Munkers Creek boat ramp in Morris County, Kansas. Undersheriff Riffel located Dartez in his parked car near the boat ramp. Dartez refused orders to leave his car, so

---

[29] *Hartz v. Sale*, 2016 WL 4943970, at *3 (D. Kan. 2016) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")).

[30] *Id.*; *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Elrod v. Walker*, 2011 WL 6372881, at *6 n.3 (D. Kan. 2011) (explaining that, on summary judgment, "[a]lthough the Court affords some leeway to pro se parties, it cannot merely overlook Plaintiff's failure to state and oppose material facts in compliance with the local rules, and Plaintiff's failure to submit admissible evidence . . . .").

[31] The Court has reviewed the summary judgment record that the MCSD Defendants have submitted and has determined that it supports the statement of uncontroverted facts that follows. "Also, the Court has considered the pleadings, responses, and other materials that plaintiff has submitted to the Court even though they fail to comply with the federal and local rules governing summary judgment. The court has attempted to give them fair construction under the liberal pro se standard when analyzing the summary judgment motions." *Hartz*, 2016 WL 4943970, at *3.

Undersheriff Riffel requested the assistance of the KHP Special Response Team. Around 1:30, the MCSD Defendants secured the scene by parking cars directly in front of and directly behind Dartez's car and waited for the Special Response Team. KHP Special Response Team leader Rick Peters arrived at approximately 4:10. He directed the MCSD Defendants to leave the scene.

The MCSD Defendants retreated to the staging location almost a quarter-mile away from the boat ramp area where Dartez was located. At the staging location, Undersheriff Riffel entered the KHP Special Response Team command vehicle, while Deputy Good and Deputy Rodman entered a MCSD vehicle parked behind the command vehicle. The MCSD Defendants remained in those respective vehicles during the encounter. From this vantage point, the MCSD Defendants were unable to see the boat ramp area, Dartez, or Dartez's car. Their view was impeded by a block of woods surrounding the staging area.

At approximately 5:20, Dartez was involuntarily evacuated from his vehicle and taken into custody. At approximately 5:24, the KHP Special Response Team brought Dartez to the command vehicle for processing and a medical evaluation. Undersheriff Riffel told Dartez that he was under arrest roughly one hour later. Due to the distance and the surrounding woods, none of the MCSD Defendants saw the encounter between Dartez and the Special Response Team. They did not see who removed Dartez from his car or how it was done.

2.    *Legal Standard*

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[32]

---

[32] Fed. R. Civ. P. 56(a).

A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[33] The movant bears the initial burden of proof and must show the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.[34] If the movant carries this initial burden, the nonmovant that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[35] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[36] The Court views all evidence and reasonable inferences in the light most favorable to Dartez as the party opposing summary judgment.[37]

### 3.    Discussion

The MCSD Defendants argue that they did not violate Dartez's constitutional rights, and are therefore entitled to qualified immunity. The Court's "first task in any § 1983 suit alleging a constitutional violation is 'to isolate the precise constitutional violation with which [the MCSD

---

[33] *Haynes v. Level 3 Commc'ns, LLC,* 456 F.3d 1215, 1219 (10th Cir. 2006); *see Anderson*, 477 U.S. at 248–49 ("[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.").

[34] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[35] *Id*. (citing Fed. R. Civ. P. 56(e)).

[36] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[37] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

Defendants are] charged.' "[38]  While Dartez claims that his Fifth, Eighth, and Fourteenth Amendment rights were violated, the MCSD Defendants contend that "the Fourth Amendment's objective reasonableness standard is the only possible basis for his claim."

"Excessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment—all depending on where the defendant finds himself in the criminal justice system—and each carries with it a very different legal test."[39]  "[C]laims of excessive force involving convicted prisoners arise under the Eighth Amendment."[40]  Before conviction, while the plaintiff is a "pretrial detainee," excessive force claims arise under the Fourteenth Amendment.[41]  But the Fourth Amendment protects against "unreasonable searches and seizures," and therefore "pertains to the events leading up to and including an arrest of a citizen previously at liberty."[42]  Excessive force claims arising during this period are generally reviewed under a relatively exacting "objective reasonableness" standard.[43]

In his Amended Complaint, Dartez asserts only two claims against the MCSD Defendants, found in Counts III and IV.  In Count III, Dartez claims that "all other defendants named" violated his constitutional rights by witnessing the KHP Tactical Team's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct.  In Count

---

[38] *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

[39] *Id.*

[40] *Estate of Booker*, 745 F.3d at 419 (citing *Porro*, 624 F.3d at 1325–26).

[41] *Id.*

[42] *Porro*, 624 F.3d at 1325; *see Austin v. Hamilton*, 945 F.2d 1155, 1160 (10th Cir. 1991) (holding that the Fourth Amendment applies until formal charges are brought or an arraignment is held because force used is part of the "seizure"), *abrogated on other grounds*, *Johnson v. Jones*, 515 U.S. 304 (1995).

[43] *Id.*

IV, Dartez did not identify any specific Defendant(s), but claims that his Constitutional rights were violated when he was "beaten and being allowed to be beaten" during the course of his arrest. These claims all arise from events leading up to and including his arrest. Therefore, the Fourth Amendment's objective reasonableness standard governs his claims against the MCSD Defendants.[44]

Section 1983 allows an injured person to seek damages against an individual who has violated his or her federal rights while acting under color of state law.[45] "Individual defendants named in a § 1983 action may raise a defense of qualified immunity," which "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."[46] In general, "when a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."[47] Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.[48]

Dartez asserts that all of the Defendants violated his rights against the application of excessive force during the course of his arrest. A police officer violates an arrestee's clearly established Fourth Amendment right to be free of excessive force during an arrest if the officer's

---

[44] As the Court mentioned earlier, the Court will still consider his allegations under the Fourth Amendment framework, even though the Amended Complaint incorrectly alleges violations of the Fifth, Eighth, and Fourteenth Amendments.

[45] *Cillo v. City of Greenwood Village*, 739 F.3d 451, 459 (10th Cir. 2013).

[46] *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted).

[47] *Cillo*, 739 F.3d at 460.

[48] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

arresting actions were not " 'objectively reasonable' in light of the facts and circumstances confronting [him]."[49]   Although Dartez does not assert that any of the MCSD Defendants personally used excessive force, he does claim that the MCSD Defendants are responsible for failing to intervene to stop the use of excessive force.

 Individual liability under § 1983 must be based on the officer's personal involvement in the alleged constitutional violation.[50]   But "[p]ersonal involvement is not limited solely to situations where a defendant violates a plaintiff's rights by physically placing hands on him."[51] "An officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983."[52]  "This duty was clearly established law at the time of [Dartez's] arrest."[53]

However, the officer must have had a realistic opportunity to intervene to prevent harm from occurring.[54]   Specifically, the officer must be on the scene, and must fail to take "reasonable steps to protect the victim" of another officer's use of excessive force.[55]

---

[49] *Graham v. Connor*, 490 U.S. 386, 397 (1989).

[50] *Wilson v. Montano*, 715 F.3d 847, 854 (10th Cir. 2013).

[51] *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).

[52] *Id.*

[53] *Id.*

[54] *Savannah v. Collins*, 547 F. App'x 874, 876 (10th Cir. 2013) (citing *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008)).

[55] *Gurenwald v. Maddox*, 274 F. App'x 667, 674 (10th Cir. 2008) (quoting *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985)); *see also Mick v. Brewer*, 76 F.3d 1127, 1137 (10th Cir. 1996) (concluding that an officer may be liable for a failure to intervene if he "*watched* the incident and did nothing to prevent it." (emphasis added)).

Additionally, the officer must have sufficient time to intervene.[56]  And finally, the officer must be aware that excessive force is being used by other officers.[57]

Here, even when viewing the evidence in the light most favorable to Dartez, the MCSD Defendants did not violate Dartez's Fourth Amendment rights by failing to intervene to prevent the alleged use of excessive force.  None of the MCSD Defendants had a realistic opportunity to intervene to prevent harm from occurring.  Although the MCSD Defendants were the first to arrive on the scene, they were directed to leave the scene by KHP Special Response Team Leader Rick Peters while Dartez was still in his vehicle.  They retreated to a staging location almost a quarter-mile away from the boat ramp area where Dartez was located.  From this vantage point, the MCSD Defendants were unable to see the boat ramp area, Dartez, or Dartez's car.  Their view was impeded by a block of woods surrounding the staging area.

As such, the MCSD Defendants were not on the scene when Dartez was arrested.  And because the MCSD Defendants did not see who removed Dartez from his car or how it was done, they were not aware of the level of force used during Dartez's arrest.  There were no reasonable steps the MCSD Defendants could have taken to prevent the use of excessive force.  Accordingly, the MCSD Defendants did not violate Dartez's Fourth Amendment rights.  The

---

[56] *See Savannah*, 574 F. App'x at 877.  *Compare Thompson v. Boggs*, 33 F.3d 847, 857 (7th Cir. 1994) (deciding that where one officer tackled and cuffed plaintiff quickly, another officer had no realistic opportunity to prevent attack); *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (deciding that officer was not liable for failing to intervene where "attack came quickly and was over in a matter of seconds;); *and O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (concluding defendant had no realistic opportunity to prevent three blows struck in rapid succession), *with Fogarty*, 523 F.3d at 1164 (deciding qualified immunity should be denied because defendant could have intervened where plaintiff described arrest as lasting between three and five minutes); *and Prister v. City of Riviera Beach*, 208 F.3d 919, 925 (11th Cir. 2000) (deciding two minutes was sufficient time for officer to intervene and order another officer to restrain police dog).

[57] *Tooley v. Young*, 560 F. App'x 797, 800 n.3 (10th Cir. 2014).

MCSD Defendants are therefore entitled to qualified immunity—and, hence, to summary judgment—on Dartez's claims of failure to intervene.

Finally, although courts frequently conduct separate qualified immunity analyses for different defendants, the Tenth Circuit does not require so at the summary judgment stage of excessive force cases.[58]  Where appropriate, the Tenth Circuit has aggregated officer conduct.[59] For example, when the defendants actively and jointly participated in the use of force, the officer conduct may be aggregated.[60]  Because the conduct of each of the MCSD Defendants is so similar, it is appropriate to aggregate the MCSD Defendants' actions.  Here, Dartez is alleging that all three of the MCSD Defendants failed to intervene.  The uncontroverted facts provide that all three of the MCSD Defendants were roughly one-quarter of a mile away from the arrest when it occurred, were unable to see Dartez, and were not aware of the use of excessive force. Because the conduct of each of the MCSD Defendants is so similar, it is appropriate to aggregate the MCSD Defendants' actions.

## IV.    Conclusion

All but one of Dartez's proposed amendments to the complaint are futile and subject to dismissal.   And the lone non-futile amendment—to allege violations of Dartez's Fourth Amendment rights—is essentially redundant.  Even though Dartez claimed Fifth, Eighth, and Fourteenth Amendment violations in his Amended Complaint, the Court will still consider the

---

[58] *Estate of Booker*, 745 F.3d at 421.

[59] *Id.* (citing *Lundstrom v. Romero*, 616 F.3d 1108, 1126–27 (10th Cir. 2010); *Fisher v. City of Las Cruces*, 584 F.3d 888, 895 – 902 (10th Cir. 2009); *York v. City of Las Cruces*, 523 F.3d 1205, 1210–11 (10th Cir. 2008)).

[60] *See id.* at 421–22.

facts alleged in the Amended Complaint under the Fourth Amendment.[61] Therefore, Dartez's Motion for Leave to Amend Complaint, and a Motion for Extension of Time to File Amended Complaint is denied.

With regards to the MCSD Defendants' motion for summary judgment, the uncontroverted facts established that the Defendants were more than one-quarter of a mile away from the scene of the arrest. They were unable to see Dartez or the arresting officers, and they were not aware that the arrest was taking place. Accordingly, the MCSD Defendants did not violate Dartez's Fourth Amendment rights, and are entitled to qualified immunity. The Court therefore grants the MCSD Defendants' motion for summary judgment.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Respond to Defendant(s) Motion in Opposition to Plaintiff's Motion for Leave to Amend Complaint by Plaintiff Samuel Lee Dartez, II (Doc. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dartez's Motion for Leave to Amend Complaint and Motion for Extension of Time to File Amended Complaint (Doc. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment by Defendants Dan Good, John H. Riffel, and Charles Rodman (Doc. 36) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 26th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[61] *See Slayton*, 726 F.2d at 634 n.7.