IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-3255-EFM-GEB |
| ) | |
| RICK PETERS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION TO DENY DEFENDANTS PETERS' AND WARE'S MOTIONS
FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d) OR,
IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

COMES NOW the Plaintiff, Samuel Lee Dartez, II, pursuant to Fed. R. Civ. P. 56(d), and moves the Court for an order denying the pending motions for summary judgment filed by Defendants Peters and Ware (Docs. 93, 96), without prejudice, on the basis that the Plaintiff cannot currently present facts and evidence essential to justify his opposition to the motion because he and his recently-appointed counsel have not had sufficient opportunity to conduct discovery.  In the alternative, Plaintiff seeks an extension of time of not less than two weeks after this motion is ruled upon to respond to the defendants' motions.

In support of his motion, Plaintiff has attached hereto his own affidavit (Exhibit A) and an affidavit of his counsel, David G. Seely (Exhibit B), and, further, states as follows:

**Background**

At the time of the filing of this action on November 12, 2015, Mr. Dartez was incarcerated, and he is presently serving a sentence of 272 months in prison with 36 months of post-release

supervision on the attempted first-degree murder conviction, and 6 months on the battery conviction (to run concurrently).  (Doc. 97-3, p. 5).

The judgment of conviction includes an order requiring Mr. Dartez to pay restitution in the amount of $25,000.00.  (Doc. 97-3, p. 5).

During his criminal proceedings and prior to filing this civil action, Mr. Dartez and his defense counsel attempted, unsuccessfully, to acquire information regarding the circumstances of his arrest.  (See attached Affidavit of Mr. Dartez; see also Affidavit of Brenda Jordan, previously filed as Doc. 114-1).

Until August 18, 2017, Mr. Dartez was proceeding *pro se* in this case, and was subject to the Court's screening requirements.  (Doc. 99).

On March 31, 2016, this Court granted Mr. Dartez's application to proceed *in forma pauperis* in this case. (Doc. 7).

Until June 2, 2016, when this Court authorized him to file an Amended Complaint, Mr. Dartez had not received permission to proceed with this lawsuit.  (Doc. 10).

On June 30, 2016, Plaintiff filed his Amended Complaint.  (Doc. 11).

On August 11, 2015, this Court issued waivers of summons to defendants Peters and Ware. (Doc. 12).

On August 18, 2016, Mr. Dartez served a discovery request entitled Plaintiff's First Request for Production of Documents (Doc. 13), in which he sought, inter alia,

> All written statements, originals or copies, identified as reports about the incident that took place on November 13, 2014 made by KHP [Kansas Highway Patrol], MCPD [Morris County Police Department], RCPD [Riley County Police Department] personal [sic] employee(s) and/or witnesses.

Due to a series of extensions requested by Defendants Ware and Peters, and granted by the Court, the last of which expired on November 28, 2016, Mr. Dartez did not receive any response to his discovery requests until December 2, 2016. (See attached Affidavit of Mr. Dartez). At that time, Defendants Ware and Peters belatedly responded that each "does not have any documents responsive to this request in his possession, control or custody." (Doc. 86-1, p. 44; Doc. 86-2, p. 44).

During the period from August 18, 2016 until December 2, 2016, Mr. Dartez reasonably believed and expected that he would receive documents and information from Defendants Peters and Ware in response to his written discovery requests. (See attached Affidavit of Mr. Dartez).

On November 10, 2016, then-defendants Good, Riffel, and Rodman filed a motion to stay discovery. (Doc. 39).

On November 28, 2016, Defendants Peters and Ware filed a motion for stay of proceedings. (Doc. 43).

On December 9, 2016, the Court granted the motions to stay discovery until all pending dispositive motions were ruled on. (Doc. 52).

The stay of discovery continued in effect until at least July 19, 2017, when the Court denied the KHP Defendants' motion to dismiss, and ordered that counsel would be appointed to represent Plaintiff. (Doc. 81). During the stay, Plaintiff was prevented from conducting any discovery. (See attached Affidavit of Mr. Dartez).

On August 18, 2017, the same day counsel for Plaintiff entered his appearance (Doc. 99), Defendants Peters and Ware filed their motions for summary judgment. (Docs. 93, 94, 96, 97).

As an incarcerated, *pro se* litigant who was proceeding *in forma pauperis* and is still subject to a $25,000.00 restitutionary judgment, Mr. Dartez's ability to take depositions and obtain records

from third parties was virtually non-existent, even during the limited period when the stay of discovery was not in effect, because he could not afford to pay such expenses. (See attached Affidavit of Mr. Dartez).

Now that counsel has been appointed to represent Plaintiff (Doc. 92), such expenses incurred by counsel may be reimbursed by the Court under D.Kan.R. 83.5.3(3) & (f), which will enable counsel to take depositions and obtain documents by subpoena. (See attached Affidavit of Mr. Seely).

As a follow-up to Mr. Dartez's unsuccessful discovery request, and as precursor to possible depositions, counsel for Plaintiff issued notice and served a subpoena duces tecum upon the records custodian of the Kansas Highway Patrol ("KHP"), for reports and other records regarding the events of November 13, 2014, including video and audio recordings, including communications. (Doc.113-1). The scheduled date for response under that subpoena is October 26, 2017. The General Counsel for the KHP has indicated that the agency hopes to meet that deadline, but that an extension may be required. (See attached Affidavit of Mr. Seely).

As is explained more fully in the attached affidavit of counsel, Plaintiff anticipates that the documents produced in response to the supboena mentioned above, including contemporaneous reports (to which Peters and Ware purportedly have no access, see their responses to Plaintiff's First Request for Production of Documents, Doc. 86-1, p. 44 & Doc. 86-2, p. 44), will provide more accurate, objective, and contemporaneous evidence of the true whereabouts and activities of Defendants Peters and Ware during the apprehension and arrest of Mr. Dartez, including but not limited to: whether those defendants were able to see *or hear* those events as they occurred, whether by direct personal observation, or by monitoring radio communications or the drop phone

that was placed adjacent to Mr. Dartez's vehicle (Doc. 94, ¶15; Doc. 97, ¶¶13-14). In this regard, it should be noted that the Plaintiff has alleged two separate beating episodes in connection with his arrest (Doc. 11, Amended Complaint, p. 2, p. 3; Affidavit of Samuel Dartez, filed herewith, at ¶ 5-6), so there may have been even greater opportunity to intervene regarding the second episode, when Mr. Dartez began screaming after he was handcuffed and the beating started again. (See attached Affidavit of Mr. Seely).

Further discovery may also reveal why Defendants Ware and Peters, as the two officers assigned to the "Command Center" (the "lead negotiator" Doc. 97, ¶5 and the "uniformed commander" Doc. 94, ¶4) failed to disclose in their affidavits whether they were in communication with the officers who apprehended and arrested Mr. Dartez and then beat him (twice), and/or were otherwise able to monitor audio transmissions of those events.

Additional relevant information appears in the attached affidavits.

## Argument and Authorities

Fed. R. Civ. P. 56(d) provides that when a non-movant has submitted an affidavit of the type attached hereto the court may:

      (1)    defer considering the motion or deny it;

      (2)    allow time to obtain affidavits or declarations or to take discovery; or

      (3)    issue any other appropriate order.

"'Unless dilatory or lacking in merit,' a party's Rule 56(d) request 'should be liberally treated.'" *Harlan v. United Fire and Casualty Co.*, No. 14-2419-DDC, 2015 WL 4617399, at *2 (D. Kan. July 31, 2015) (quoting *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553-54 (10th

Cir. 1993)). *Accord, e.g.*, *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Comm. For First Amendment v.Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). When granting a Rule 56(d) request, "the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date." *Harlan*, 2105 WL 4617399, at *4 (quoting 10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2740 (3d ed.2015)). "[S]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). That is the situation here.

Although not spelled out in Rule 56(d), the cases construing it have imposed some specific requirements:

> To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment.

*Ceverny, supra* (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)). The attached affidavits are intended to meet these requirements.

It should also be noted that both Peters' and Ware's supporting memoranda, in an apparent attempt to pre-empt this motion under Rule 56(d), contain an inaccurate statement regarding what the Court said about the utility of engaging in discovery. Each of these defendants incorrectly states: "[h]owever, as recognized by the Court in its Memorandum and Order (ECF No.79), pp. 15-16, any opportunity afforded to Plaintiff to engage in discovery pursuant to Fed.R.Civ.P. 56(d) or otherwise will not change any of the material facts." (Doc. 94, p. 8; Doc. 97, p.8). In fact, the Court neither asserted nor suggested any such thing. Rather, the Court simply found that Mr. Dartez, while

proceeding *pro se*, did not satisfy some of the requirements necessary to obtain relief under Rule 56(d) and then failed to controvert any of the MCSD Defendants' statements of fact, which led the Court to consider all of those facts to be uncontroverted for purposes of that motion. (Doc. 79, pp. 15-17).  Here, Mr. Dartez, with the assistance of counsel, hopes to avoid that result by satisfying the requirements of Rule 56(d) in the context of the present motions.

The pending motions for summary judgment are based on the premise that Defendants Ware and Peters had no opportunity to intervene to prevent physical harm to Mr. Dartez.  Their respective briefs and affidavits repeatedly assert their 33-month old recollections that they were at all times in the Command Center some distance from the scene of the arrest and beatings of Mr. Dartez, and could not personally *see* what was happening to Mr. Dartez as he was being removed from his car, and during the aftermath.  (Those "facts" may or may not be confirmed by review of contemporaneous records, when they are finally made available by the Kansas Highway Patrol.)  But Ware's and Peters' briefs and affidavits are damningly silent regarding what they were able to ***hear***, and whether they were actively monitoring communications and operations via radio and/or the "drop phone," as officers in a "Command Center" might reasonably be expected to do.  Further discovery and investigation would likely reveal evidence that Capt. Peters (the uniformed commander) and Lt. Ware (the lead negotiator) not only were aware that Mr. Dartez was being threatened and/or was in the process of being beaten, in two different sessions, but that they also had an opportunity to intervene, at least verbally, and failed to do so.

**Conclusion**

For the reasons set forth above and in the attached affidavits of David G. Seely and Samuel Lee Dartez, II, Plaintiff respectfully requests, pursuant to Fed.R.Civ.P. 56(d), that the Court deny the pending motions for summary judgment, without prejudice.

In the alternative, Plaintiff seeks an extension of time of not less than two weeks after this motion is ruled upon to respond to the defendants' motions.

Because the basis of this motion is set forth herein and in the attached affidavits, Plaintiff respectfully requests that he be relieved of the requirement of filing a separate memorandum, under D.Kan.R. 7(a)(4).

WHEREFORE, Plaintiff respectfully requests that his motion for relief under Rule 56(d) be granted.

Respectfully submitted,

FLEESON, GOOING, COULSON & KITCH, L.L.C.


By: /s/ David G. Seely
    David G. Seely, S.Ct.#11397
    Brian E. Vanorsby, S.Ct.#27606
    301 N. Main, Suite 1900
    Wichita, Kansas 67202
    Telephone: (316) 267-7361
    Facsimile: (316) 267-1754
    E-mail: dseely@fleeson.com
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I certify that on October 11, 2017, the foregoing Plaintiff's Motion to Deny Defendants Peters' and Ware's Motions for Summary Judgment Pursuant to Rule 56(d) Or, in the Alternative, for an Extension of Time was electronically filed with the clerk of the court by using the CM/CEF system which will send a notice of electronic filing to all counsel of record.

    /s/ David G. Seely
    David G. Seely