Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-3255-EFM-GEB |
| ) | |
| RICK PETERS, et al ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AFFIDAVIT OF SAMUEL LEE DARTEZ, II

STATE OF KANSAS     )
                    ) ss:
COUNTY OF BUTLER    )

Samuel Lee Dartez, II, being of lawful age and having been duly sworn upon his oath, deposes and states as follows:

1. My name is Samuel Lee Dartez, II.

2. I am the plaintiff in the above-captioned lawsuit.

3. I was arrested on November 13, 2014.

4. During my arrest Kansas Highway Patrol (KHP) officers kicked and punched me and beat me with their shields.

5. After the KHP officers put me in handcuffs, they began to beat, punch, and kick me again.

6. I screamed repeatedly for help while the KHP officers beat me, and I yelled for

Exhibit A

them to stop, but no one stopped them or directed them to stop beating me.

7. Prior to my trial on the criminal charges against me, in 2015, I made several attempts to discover information regarding my arrest, including the identities of the officers who arrested and beat me. Those efforts were unsuccessful.

8. I asked my attorneys in my criminal case to obtain copies of video recordings of my arrest and beating, and one of them filed a motion for discovery, but no video recording of my arrest and beating was ever provided.

9. I also contacted the Morris County Sheriff's Department and requested information about my arrest, including the identities of the officers who beat me, but the Morris County Sheriff's Department refused to provide me with any information.

10. I also contacted the Kansas Bureau of Investigation and spoke to an agent. I requested information about my arrest, including the identities of the officers who beat me, but the agent said that he could not give me any information regarding the identity of the officers and that the KBI could only provide information pursuant to a court order or if subpoenaed to testify in court.

11. Capt. Kurt Moldrup, of the Riley County Police Department, assisted me in contacting the Morris County Sheriff's Department and the Kansas Bureau of Investigation by telephone, while I was being held in the Riley County Jail.

12. I filed this suit *pro se* on November 12, 2015 and asked the Court for leave to proceed *in forma pauperis*, because I do not have the financial resources to pay the filing fee and other expenses.

13. The Court granted my *in forma pauperis* application on March 31, 2016

13. When I filed this lawsuit, I contacted the Kansas Bar Association, the American Civil Liberties Union, every civil attorney listed in the Manhattan, Kansas phonebook, and various law offices in Lawrence, Kansas.

14. When I was unable to get any lawyers to take my case, I petitioned the Court to appoint an attorney for me. That initial request was denied.

15. Since November 13, 2014 I have been incarcerated and have no ability to conduct depositions myself.

16. Because of my lack of funds and because I am subject to a $25,000 restitution judgment, I cannot afford to pay for any subpoenaed documents or take any depositions.

17. On August 18, 2016, I served a discovery request entitled "Plaintiff's First Request for Production." I asked for, among other things, "All written statements, originals or copies, identified as reports about the incident that took place on November 13, 2014 made by KHP [Kansas Highway Patrol], MCPD [Morris County Police Department], RCPD [Riley County Police Department] personal [sic] employee(s) and/or witnesses."

17. I sought the information in my discovery request for purposes of determining each officer's participation in and/or knowledge of my beating at the hands of members of the KHP tactical team, and the failure of other officers to intervene and prevent or stop the beatings.

18. Defendants Peters and Ware obtained a series of extensions to respond to my discovery request without consulting me.

19. I believed and expected that Defendants Peters and Ware would be providing me with the information I sought based their stated on their reasons for the extensions.

20. However, when Defendants Peters and Ware finally responded, on December 2, 2016, they indicated that they did not have any responsive documents in their possession, control, custody.

21. On November 10, 2016, then-defendants Good, Riffel, and Rodman filed a motion to stay discovery. (Doc. 39).

22. On November 28, 2016, Defendants Peters and Ware filed a motion for stay of proceedings. (Doc. 43).

23. On December 9, 2016, the Court granted the motions to stay discovery until all pending dispositive motions were ruled on. (Doc. 52)

24. The stay of discovery continued in effect until at least July 19, 2017, when the Court denied the KHP Defendants' motion to dismiss, and ordered that counsel would be appointed to represent me. (Doc. 81).

25. As a result of the stay, I did not have any further opportunity to conduct discovery.

25. Now that the Court has appointed Mr. Seely as my attorney, I am relying on him to conduct discovery.

FURTHER AFFIANT SAITH NAUGHT.

*[signature]*
Samuel Lee Dartez, II

SUBSCRIBED AND SWORN to before me on this 11th day of October 2017, at El Dorado, Kansas.

*[signature]*
Notary Public

My commission expires: 12/2/20

NOTARY PUBLIC - State of Kansas
LEANDRE K. BABLES
My Appt Expires 12/2/20