Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SAMUEL LEE DARTEZ, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3255-EFM-GEB |
| | ) | |
| RICK PETERS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **AFFIDAVIT OF DAVID G. SEELY**

| | |
|---|---|
| STATE OF KANSAS | ) |
| | ) ss: |
| COUNTY OF SEDGWICK | ) |

DAVID G. SEELY, being of lawful age and having been duly sworn upon his oath, deposes and states as follows:

1. My name is David G. Seely.

2. I am the court-appointed attorney of record for the plaintiff, Samuel Lee Dartez, II, in the above-captioned lawsuit. (Doc. 99).

3. On August 18, 2017, the day I entered my appearance in this case, I received by email copies of summary judgment motions and supporting memoranda filed by defendants Rick Peters and Robert Ware, which were filed on that same date. (Docs. 93, 94, 96, 97).

Exhibit B

4. I subsequently became aware that Mr. Dartez had served a discovery request, on August 18, 2016, entitled "Plaintiff's First Request for Production of Documents" in which he sought, inter alia,

1. All written statements, originals or copies, identified as reports about the incident that took place on November 13, 2014 made by KHP [Kansas Highway Patrol], MCPD [Morris County Police Department], RCPD [Riley County Police Department] personal [sic] employee(s) and/or witnesses.

(Doc. 13). I also became aware that Mr. Dartez had made several unsuccessful efforts to obtain information and records regarding the circumstances of his arrest from various sources during his criminal case, prior to filing this lawsuit.

5. I also became aware that defendants Peters and Ware had obtained a series of extensions, to and including November 28, 2016, in which to respond to Mr. Dartez's discovery requests, but did not respond until December 2, 2016. At that time, both defendant Peters and defendant Ware responded to all requests by saying that he "does not have any documents responsive to this request in his possession, control, or custody." (Doc. 86-1, p. 44; Doc. 86-2, p. 44).

6. Because defendants Peters and Ware had indicated that they did not have access to any contemporaneous reports, I became concerned that their recent affidavits submitted in support of their respective motions for summary judgment more than 33 months after the events of November 13, 2014 would not be the best or most reliable evidence regarding those events, and that it would be necessary to obtain and review contemporaneous records regarding their locations and activities on that date (including what they saw and heard), as well as regarding any statements they had made regarding the apprehension and arrest of Mr. Dartez, and audio and video recordings of those events. I was also concerned that neither defendant Peters nor defendant Ware disclosed whether they were

in communication with the officers who apprehended and arrested Mr. Dartez and then beat him (twice) and/or were able to monitor audio transmissions of those events, and I concluded that it was also necessary to obtain and review records of communications.   In the absence of such contemporaneous evidence, I do not believe that I am now in a position to fully and effectively evaluate the statements of uncontroverted facts asserted by those defendants in support of their motions for summary judgment and to controvert them, if necessary.

7.   At the conclusion of the hearing held on September 5, 2017, I inquired of counsel for defendants Peters and Ware regarding the availability of reports and records of the Kansas Highway Patrol, either informally or through formal discovery. By email dated September 5, 2017, counsel for defendants Peters and Ware confirmed to me that those defendants did not have any KHP reports in their possession, control, or custody, and that it would be necessary to subpoena such records from the Kansas Highway Patrol ("KHP"). (A true and correct copy of the email from Greg P. Goheen to David G. Seely dated September 5, 2017 is attached hereto as Exhibit 1).

8.   As a follow-up to Mr. Dartez's unsuccessful discovery request, and as precursor to possible depositions, I subsequently served a Notice of Intent (Doc. 112) and an Amended Notice of Intent (Doc. 113) regarding the issuance of a subpoena to the Records Custodian of the Kansas Highway Patrol.   Among the categories of records requested in the subpoena (as amended) are the following:

      1.     Any and all documents and records regarding the location(s), activities, and conduct of Rick Peters on November 13, 2014.

      2.     Any and all documents and records regarding the location(s), activities, and conduct of Robert Ware on November 13, 2014.

3.     Any and all reports, statements, and communications by Rick Peters regarding the apprehension and/or arrest of Samuel Lee Dartez, II, and the events leading up thereto, on November 13, 2014.

4.     Any and all reports, statements, and communications by Robert Ware regarding the apprehension and/or arrest of Samuel Lee Dartez, II, and the events leading up thereto, on November 13, 2014.

5.     Any and all manuals, handbooks, training materials, rules, regulations, and policies regarding the duties and/or responsibilities of officers in the KHP command center during an event involving the KHP special response team.

*          *          *          *          *

7.     Any and all audio recordings, video recordings, and photographs regarding the November 13, 2014 apprehension and/or arrest of Samuel Lee Dartez, II, during any period from the time the first law enforcement officer(s) arrived at the scene until the time the scene was cleared, including but not limited to:  body camera recordings, dash camera recordings, and recordings of radio and/or telephone communications.

*          *          *          *          *

9.     Any and all reports, statements, and other documents or records of any kind regarding the apprehension and/or arrest of Samuel Lee Dartez, II on November 13, 2014.

*          *          *          *          *

13.    Any and all records, reports, and other documents regarding any internal investigation regarding the apprehension and/or arrest of Samuel Lee Dartez, II on November 13, 2014.

14.    Any and all records, reports, and other documents regarding any Kansas Bureau of Investigation (KBI)  investigation related to Samuel Lee Dartez, II.

15.    Any and all emails, text messages, and other communications to or from any member of the special response team, at any time, relating to the apprehension and/or arrest of  Samuel Lee Dartez, II on November 13, 2014, including but not limited to:  Rick Peters, Robert Ware, Jason Bailey, Christopher Beas, Daniel DiLoreto, Brian Hedgecock, Christopher Mai, Colby Markham, David Ruble, and Alex Taylor.

(Doc. 113-1).

-4-

9.  I subsequently caused said subpoena to be served on said records custodian, with a response date of October 26, 2017.

10.  I have been in communication with Ms. Tammie Lord, the General Counsel for the Kansas Highway Patrol, regarding the above-referenced subpoena. Ms. Lord has informed me that tjhe Kansas Highway Patrol will be producing documents in response to the subpoena, and will attempt to comply with the October 26, 2017, but that it might be necessary to obtain an extension of that date.

11.  Among the pertinent facts that are currently unavailable, but which I believe will probably be obtained through the subpoena and/or through potential depositions of defendants Peters and Ware are:   what they reported regarding their location(s) and activities; what each of them heard; what each of them said; what each of them did; what each of them saw; what their duties of as officers in the Command Center were, according to policies and procedures of the KHP; whether they were truly isolated in the Command Center, or were able to monitor the events and communicate with the officers who apprehended and arrested Mr. Dartez, either by radio or by means of the drop phone that was placed adjacent to Mr. Dartez's vehicle; whether they were inside the Command Center throughout the apprehension and arrest of Mr. Dartez; whether they knew or had reason to know that Mr. Dartez was being beaten; whether they had an opportunity to intervene in any way; and what their respective duties and levels of responsibility and authority for the training, supervision,  and discipline of members of the SRT were and are. I believe there is a high probability that discovery will reveal that defendants Peters and Ware were not isolated from the events, but were monitoring communications and were aware that Mr. Dartez was being beaten and that they had reason and opportunity to intervene.

12. The facts described above cannot be presented to the Court at this time, because there has not been sufficient opportunity to conduct discovery regarding them.

13. Additional time for discovery regarding those facts would provide an opportunity to gather evidence in the form of contemporaneous records, to rebut defendants Peters' and Ware's version of the facts, including their suggestion that they were completely isolated from the events in question and had no opportunity to intervene, as well as evidence to rebut their assertions that neither of them has or had any authority regarding the actions of SRT members, and their training, supervision, and discipline.

13. As noted above, Mr. Dartez engaged in efforts to obtain such facts both during his criminal case and by serving a set of written discovery requests herein (all of which proved unsuccessful), and I have followed up by issuance of the subpoena to the Kansas Highway Patrol (to which the agency has not yet responded). Following receipt and analysis of the documents and materials produced by the KHP, it may also be necessary to conduct further discovery, such as taking the depositions of defendants Peters and Ware to provide additional information to corroborate or controvert their stated version of the facts. I believe that it would be imprudent to depose defendants Ware and Peters with out first obtaining and analyzing the records from the KHP.

14. It is my understanding that Mr. Dartez was and is unable to pay for subpoenaed documents or to take any depositions, financially or otherwise, by reason of his incarceration, his *in forma pauperis* status, and his sentence requiring him to make restitution in the amount of $25,000.00.

15. Now that I have been appointed by the Court as counsel for Mr. Dartez, such expenses incurred by me may be reimbursed by the Court under D.Kan.R. 83.5.3(e) & (f), which will enable me to obtain documents by subpoena and to take depositions.

16.   Without additional time for discovery, the evidence necessary to develop the facts described above cannot be obtained and presented to the Court.

FURTHER AFFIANT SAITH NAUGHT.

David G. Seely

SUBSCRIBED AND SWORN to before me on this 11th day of October, 2017, at Wichita, Kansas.

Notary Public

My commission expires: June 8, 2018

TAMARA S. WEST
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 6-8-18

-7-

## David G. Seely

| | |
|---|---|
| **From:** | Greg P. Goheen <ggoheen@mvplaw.com> |
| **Sent:** | Tuesday, September 05, 2017 9:17 PM |
| **To:** | David G. Seely |
| **Cc:** | Karen Brokesh; Robert L. Turner, IV; 'David Cooper (dcooper@fisherpatterson.com)' |
| **Subject:** | [RBAL] Dartez v. Peters et al |

David,

I wanted to follow-up from our conversation after today's hearing regarding any KHP reports connected to this matter which you may request. Upon reflection and considering the current status of this matter, I think that it will be necessary to subpoena any such records from the records custodian for the KHP as neither Peters nor Ware actually have possession, control or custody over such reports.

Feel free to give me a call should you wish to discuss.

Best regards,

Greg



Greg P. Goheen
Attorney at Law
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Direct Line: 913-573-3325
Main: 913-371-3838
Fax: 913-371-4722
ggoheen@mvplaw.com
www.mvplaw.com

### MVP Law Seminar
St. Louis
September 21st

### Click here for additional information and registration

CONFIDENTIALITY NOTICE: This message, and any accompanying attachments, are confidential and are only intended for the individual(s) or entity to which this message is addressed and may contain information that is attorney work product, privileged, confidential or protected from disclosure under applicable law. This message is not intended to be relied upon by unintended recipients or by any third party. If you are not a named addressee, you are bound by this confidentiality and you should not disseminate, distribute, or copy this message. If you are not a named addressee, please notify the sender immediately by e-mail and delete this message and any attachments from your system. There is no intent on the part of the sender to waive any privilege, including attorney/client privilege, which may attach to this message or any attachments. E-mail transmission cannot be guaranteed to be secure or error-free, as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. McAnany, Van Cleave & Phillips, P.A. accepts no liability for any damage caused by any error or omission contained within the message or by any virus transmitted by this message. If verification is required, please request a hard-copy version. McAnany, Van Cleave & Phillips, P.A., 10 E. Cambridge Circle Drive, Suite 300, Kansas City, KS 66103 or call (913) 371-3838.



EXHIBIT