5957.00002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-3255-EFM-GEB |
| | ) |
| RICK PETERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RICK PETERS' AND ROBERT WARE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DENY DEFENDANTS PETERS' AND WARE'S MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d) OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

**I.     Nature of the Matter.** Plaintiff asks this Court, pursuant to Fed.R.Civ.P. 56(d), to deny the Motions for Summary Judgment (ECF Nos. 93 & 96) filed by Defendants Rick Peters and Robert Ware without prejudice because Plaintiff has not had sufficient opportunity to conduct discovery.[1] Plaintiff's Motion (ECF No. 129) should be denied. See Memorandum and Order (ECF No. 79), pp. 15-16. Plaintiff generally asserts that facts essential to his response to the pending summary judgment motions are currently unavailable to him and argues these facts can be garnered through discovery in this matter. However, Plaintiff has not, as he must in order to avail himself of Fed.R.Civ.P. 56(d), identified any testimony or evidence which would create a genuine issue of material fact that would result in the denial of the Motions for Summary Judgment (ECF Nos. 93 & 96) filed by Defendants Peters and Ware. At best, Plaintiff speculates

---

[1] Plaintiff alternatively seeks an extension of time (two (2) weeks from the date the Court rules on his Motion (ECF No. 129) within which to file a substantive response to the Motions for Summary Judgment (ECF Nos. 93 & 96) filed by Defendants Peters and Ware. Defendants Peters and Ware do not oppose Plaintiff's alternative request for additional time within which to respond substantively to their Motions for Summary Judgment (ECF Nos. 93 & 96). Presumably, by that time, Plaintiff will have received documents responsive to the subpoena he issued to the Kansas Highway Patrol (ECF No. 113) and can satisfy himself that no "smoking gun" exists that will magically salvage his deficient claims against Defendants Peters and Ware.

1

that perhaps records produced by the Kansas Highway Patrol might establish that Defendants Peters and Ware, in spite of the fact that they were nearly a quarter of a mile away and were not directly involved in Plaintiff's arrest, might have somehow *heard*, or perhaps even saw, the events as they occurred via radio communications or otherwise and, assuming that they could have ascertained from such remote communication that excessive force was being used by some other officer during Plaintiff's arrest, somehow could have intervened during the few minutes it took for these other officers to subdue and place Plaintiff under arrest. Motion (ECF No. 129), pp. 4-5; Complaint (ECF No. 1), p. 2 § B ¶ 1 (the incident took "about 30-45 secs, if not more").

There is simply no discovery that can change the facts and evidence set forth to date in this matter that Defendants Peters and Ware were nearly a quarter of a mile away from the incident where Plaintiff claims he suffered a deprivation of his constitutional rights and, as such, could not even see or control the events that transpired due to their location. No discovery will change the fact that neither Defendant Peters nor Defendant Ware had a practical opportunity to intervene in any excessive force allegedly used by other officers in arresting Plaintiff. Nor is there any discovery that can change the fact that Defendant Peters is retired and no longer has an official capacity in which he can be sued. Nor is there any discovery that can change the fact that Defendant Ware, as a Lieutenant with the Kansas Highway Patrol, does not have the authority in his official capacity to effectuate the equitable relief sought by Plaintiff. Accordingly, Plaintiff's Motion (ECF No. 129) should be denied. See Memorandum and Order (ECF No. 79), pp. 15-16.

**II.     Statement of Facts.**

The material facts and evidence upon which Defendants Peters and Ware seek summary judgment are set forth in their respective Motions and Memoranda (ECF Nos. 93, 94, 96 & 97).

Plaintiff proffers no evidence which would controvert any of the facts set forth by Defendants Peters and Ware in any material way.

### III.    Questions Presented.

A.    Whether Defendants' Peters' and Ware's Motions for Summary Judgment (ECF Nos. 93 and 96) should be denied without prejudice because Plaintiff has not had sufficient opportunity to conduct discovery?

### IV.    Legal Argument and Authorities.

Under Fed.R.Civ.P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The nonmovant must satisfy several requirement to obtain relief under Rule 56(d). By affidavit, Plaintiff must state: (1) why the facts precluding summary judgment are unavailable; (2) what probable facts can be found through further discovery; (3) what steps have been taken to obtain such facts; and (4) how additional time will allow him to controvert facts. Price v. W. Res., Inc., 232 F.3d 779 at 783 (10th Cir. 2000) (quoting Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522(10th Circ. 1992). "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion." Garcia v. United States Air Force, 533 F.3d 1171, 1179 (10th Cir. 2008)(quotation omitted). The affidavits submitted by Plaintiff are not sufficient to warrant granting him relief under Fed.R.Civ.P. 56(d). Instead, as has already been recognized by the Court in this case, there is no discovery that can salvage Plaintiff's claims against Defendants Peters and Ware. See Memorandum and Order (ECF No. 79), pp. 15-16.

Further, because Defendants Peters and Ware seek summary judgment, in part, based on qualified immunity, Plaintiff should not be allowed to engage in discovery absent some showing of a reasonable likelihood that the requested discovery might uncover evidence sufficient to overcome the pending motions for summary judgment. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (Qualified immunity is a complete defense to suit and should be determined at the earliest possible stage in the litigation before any further proceedings in the matter, including discovery, are allowed.); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1986) ("one of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be particularly disruptive of effective government. [citation omitted] For this reason, we emphasize that qualified immunity questions should be resolved at the earliest possible stage of a litigation."). None of the evidence Plaintiff speculates he might obtain in discovery would provide any basis for the Court to deny the pending motions for summary judgment.

As anticipated, Plaintiff argues that he should be afforded an opportunity for discovery pursuant to Fed.R.Civ.P. 56(d) prior to being required to respond to Defendants Peters' and Ware's Motions for Summary Judgment. However, as recognized by the Court in its Memorandum and Order (ECF No. 79), pp. 15-16, any opportunity afforded to Plaintiff to engage in discovery pursuant to Fed.R.Civ.P. 56(d) or otherwise will not change any of the material facts. By way of example, Defendant Peters retired in February of 2016 which entitles Defendant Peters, in his official capacity, to summary judgment and no discovery conducted by Plaintiff will change this fact. Nor will any discovery change the fact that, like Defendants Rodman, Good and Riffel, Defendants Peters and Ware were roughly one-quarter mile away from the arrest when it occurred, were unable to see Plaintiff and were not aware of the alleged

use of excessive force.

Plaintiff alleges that the documents that may be responsive to a subpoena to the Kansas Highway Patrol may provide evidence of the "true whereabouts and activities of Defendants Peters and Ware during the apprehension and arrest" of Plaintiff. Plaintiff already has knowledge that Defendants Peters and Ware were not among the KHP SRT team members directly involved in Plaintiff's arrest. Affidavit of Brenda Jordan, ¶ 3, attached as Exhibit A to Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Amend Per the Court's Memorandum and Order Dated July 19, 2017 (ECF No. 120). Plaintiff also claims that discovery is needed to determine what Defendants Peters and Ware could *hear* through radio communications, suggesting that, had they heard evidence of excessive force on the radio, they would have somehow had time to intervene from their location a quarter mile away. As outlined by Plaintiff in his original Complaint (ECF No. 1), the alleged beating lasted approximately 30-45 seconds. Complaint (ECF No. 1), p. 2 § B ¶ 1. It is unclear what discovery is needed by Plaintiff to prove that Defendants Peters and Ware, who were a quarter mile away from Plaintiff, could have had any opportunity to intervene in the alleged incident during the seconds the alleged use of excessive force occurred. Although an officer could be liable for failure to intervene, in that circumstance, the officer still must have the realistic chance to intervene. Savannah v. Collins, 547 F. App'x 874, 876 (10th Cir. 2013) (citing Vondrak v. City of Las Cruces, 535 F.3d 1198, 1210 (10th Cir. 2008)). Further, the officer must be on scene, have sufficient time to intervene, be aware that excessive force is being used, and still fail to take reasonable steps.[2]

---

[2] Memorandum and Order (ECF No. 79) pp. 22-23, fn. 55-57 (citing Gurenwald v. Maddox, 274 F. App'x 667, 674 (10th Cir. 2008) (quoting Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985)); Mick v. Brewer, 76 F.3d 1127, 1137 (10th Cir. 1996) (concluding that an officer may be liable for a failure to intervene if he "*watched* the incident and did nothing to prevent it." (emphasis added)); Savannah, 574 F. App'x at 877. Compare

Based on the uncontroverted material facts, Defendants Peters and Ware did not personally participate in the actions alleged in Plaintiff's Amended Complaint (ECF No. 11), and had no reasonable or realistic opportunity to intervene in the alleged actions. As set for the in their respective Memoranda in Support of their Motions for Summary Judgment (ECF Nos. 94 & 97):

Upon arrival on scene Defendant Peters met with the officers on scene and coordinated with the other agencies present. SOF #10, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94). Defendant Peters then entered the command center and remained in the command center until after Plaintiff was in custody and the area secure. SOF #10, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94). When Defendant Ware arrived on the scene, he entered the command center where he remained until such time as Plaintiff was in custody. SOF #12, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97); SOF #14, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94). The command center was out of sight from the boat ramp where Plaintiff and his vehicle were located. SOF #11, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF #9, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97). The view of the boat ramp from the command center was blocked, and there was no direct line of sight. SOF #12, Memorandum in Support of Defendant Peters' Motion for Summary Judgment (ECF No. 94); SOF #9, Memorandum in

---

Thompson v. Boggs, 33 F.3d 847, 857 (7th Cir. 1994) (deciding that where one officer tackled and cuffed plaintiff quickly, another officer had no realistic opportunity to prevent attack); Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (deciding that officer was not liable for failing to intervene where "attack came quickly and was over in a matter of seconds;"); and O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988) (concluding defendant had no realistic opportunity to prevent three blows struck in rapid succession), with Fogarty, 523 F.3d at 1164 (deciding qualified immunity should be denied because defendant could have intervened where plaintiff described arrest as lasting between three and five minutes); and Prister v. City of Riviera Beach, 208 F.3d 919, 925 (11th Cir. 2000) (deciding two minutes was sufficient time for officer to intervene and order another officer to restrain police dog).

6

Support of Ware's Motion for Summary Judgment (ECF No. 97). From inside the command center, Defendants Peters and Ware had no ability to see or to intervene in any actions occurring outside the command center on November 13, 2014. SOF #13, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF ## 11, 17 & 22, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97). Plaintiff and his vehicle were never within Defendants Peters' and Ware's sight from their position in the command center. SOF # 17, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF #18, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97). Defendants Peters and Ware could not see, via direct visual contact or otherwise, any actions, operations or maneuvers taken by KHP officers or SRT members to remove Plaintiff from his vehicle and place him in custody. SOF ##18 & 19, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF #16, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97). From their position in the command center, Defendants Peters and Ware had no way to physically intervene in the actions taking place outside the command center. SOF #20, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF #17, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97). Defendants Peters and Ware had no physical contact with Plaintiff during the incident. SOF #21, Memorandum in Support of Peters' Motion for Summary Judgment (ECF No. 94); SOF #21, Memorandum in Support of Ware's Motion for Summary Judgment (ECF No. 97).

Plaintiff proffers no facts to the contrary that he reasonably believes will be uncovered in discovery. Clearly Defendants Peters and Ware did not personally participate in the actions alleged by Plaintiff, did not know what was going on outside of the command center during the

time Plaintiff was being subdued and arrested, and had no opportunity whatsoever to intervene had either known that excessive force was being used as alleged. Defendants Peters and Ware did not violate Plaintiff's Fourth Amendment rights by personal participation or by failing to intervene.

With regard to Defendants Rodman, Good and Riffel who were also in the command center vehicle, this Court has previously found:

> [T]he MCSD Defendants were not on the scene when Dartez was arrested. And because the MCSD Defendants did not see who removed Dartez from his car or how it was done, they were not aware of the level of force used during Dartez's arrest. There were no reasonable steps the MCSD Defendants could have taken to prevent the use of excessive force. Accordingly, the MCSD Defendants did not violate Dartez's Fourth Amendment rights. The MCSD Defendants are therefore entitled to qualified immunity—and, hence, to summary judgment—on Dartez's claims of failure to intervene.

Memorandum and Order (ECF No. 79), pp. 23-24. This Court went on to find Defendants Rodman, Good and Riffel were entitled to qualified immunity on that basis, and therefore entered summary judgment in their favor. Summary judgment is appropriate with respect to Defendants Peters and Ware on the very same basis under the same applicable authorities. Plaintiff is not entitled to any relief, compensatory, injunctive, declaratory or otherwise, against Defendants Peters or Ware and summary judgment should be entered in their favor. No discovery will salvage Plaintiff's claims against either defendant.

**V.     Conclusion.**  There is no discovery which Plaintiff could conduct to overcome summary judgment on the claims as presented against Defendants Peters and Ware. Plaintiff has failed to identify any discovery essential to justify its opposition to Defendants' Motions for Summary Judgment (ECF Nos. 93 & 96). Accordingly, Plaintiff's Motion (ECF No. 129) should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone:   (913) 371-3838
Facsimile:    (913) 371-4722
Email: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
          Gregory P. Goheen    #16291
          Robert L. Turner, IV  #26661

*Attorneys for Defendants Rick Peters and Robert Ware*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system, served electronically and/or mailed, postage pre-paid, on this 25th day of October, 2017 to:

David G. Seely
Brain E. Vanorsby
Fleeson Gooing Coulson & Kitch
1900 Epic Center
301 N. Main
Wichita, Kansas 67202
Counsel for Plaintiff

David Cooper
Kevin Grauberger
Fisher Patterson Sayler & Smith, LLP
3550 S. W. 5th Street
Topeka, KS 66606
Attorneys for Defendants Robert Dirks, Mark French and Brian Johnson

/s/ Gregory P. Goheen