5957.00002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-3255-EFM-GEB |
| | ) |
| RICK PETERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RICK PETERS' AND ROBERT WARE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND PER THE COURT'S MEMORANDUM AND ODER DATED JULY 19, 2017**

**I.     Nature of the Matter.** Plaintiff is no longer pro se in this matter and is now represented by counsel. The deference given to Plaintiff's inartfully drafted prior pleadings (Complaint (ECF No. 1) and Amended Complaint (ECF No. 11)) no longer applies to Plaintiff's proposed Second Amended Complaint (ECF No. 119-1). Instead, Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) is subject to the ordinary pleading standards under Fed.R.Civ.P. 7, 8, 9 & 11 and subject to dismissal, if insufficiently plead, pursuant to Fed.R.Civ.P. 12, or summary judgment pursuant to Fed.R.Civ.P. 56, if the undisputed material facts do not support the claims as plead under the applicable law. Defendants Peters and Ware recognize that leave to amend pursuant to Fed.R.Civ.P. 15 is ordinarily "freely given". However, leave to amend even under the liberal standards of Fed.R.Civ.P. 15 may not be granted where such leave would be futile due to legal deficiencies in the claims asserted in the proposed amended pleading. See Potts v. Boeing Co., 162 F.R.D. 651 (D.Kan. 1995).

As set forth in greater detail below, Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) is deficient on numerous grounds which should result in the denial of Plaintiff's

1

Motion for Leave to Amend (ECF No. 119). First, both Defendants Peters and Ware have Motions for Summary Judgement (ECF Nos. 93 & 96). None of the amendments proposed by Plaintiff alter the fact that Defendants Peters and Ware are entitled to summary judgment pursuant to Fed.R.Civ.P. 56. Second, Plaintiff seeks to add eight (8) individuals as defendants whom Plaintiff had previously identified only as "John Doe Nos. 1-7." As addressed in greater detail in the pending Motion to Reconsider (ECF No. 89), Plaintiff's claims against these individuals, to the extent they are otherwise viably pled, are barred by the applicable statute of limitations. Thus, Plaintiff's request for leave to amend should be denied as the proposed amendments would be subject to dismissal or summary judgment and are therefore futile.

## II.  Statement of Facts.

1. The incident upon which Plaintiff premises his claims against Defendant John Doe Nos. 1-7 occurred and accrued for statute of limitations purposes on November 13, 2014.

2. Originally, Plaintiff filed suit on November 12, 2015 against the State of Kansas and its agency the Kansas Highway Patrol (KHP) as well as the police departments of Morris and Riley Counties. Compliant (ECF No. 1).

3. Plaintiff filed his Amended Complaint (ECF No. 11) on June 30, 2016, at which point, the defendants named in Plaintiff's initial Complaint (ECF No. 1) ceased to be parties to this litigation.

4. The named defendants in Plaintiff's Amended Complaint (ECF No. 11) were Defendant Rick Peters (alleged to be the Special Response Team Leader for the Kansas Highway Patrol), Defendant Robert Ware (identified in the Amended Complaint (ECF No. 11) only as "Lt. Ware (first name unknown)" and alleged to be a Kansas Highway Patrol Lieutenant assigned to the Tactical Team), Defendant John Doe Nos. 1-7 (alleged to be Kansas Highway Patrol Officers

assigned to the Tactical Team), Defendant John H. Riffel (alleged to be Undersheriff for Morris County, Kansas), Defendant Charles Rodman (alleged to be a Deputy Sheriff for Morris County, Kansas), Defendant Dan Good (alleged to be a Deputy Sheriff for Morris County, Kansas), Defendant Mark French (alleged to be a Detective for Riley County, Kansas), Defendant Brian Johnson (alleged to be a Detective for Riley County, Kansas) and Defendant Robert Dierks (alleged to be a Detective for Riley County, Kansas). Amended Complaint (ECF No. 11).

5. The filing of Plaintiff's Amended Complaint (ECF No. 11) did not toll or stay the running of the statute of limitations as to John Doe Nos. 1-7. Bell v. City of Topeka, 279 F. Appx. 659 (10th Cir. 2008)

6. Nor would any later amendment to substitute named individuals for John Doe Nos. 1-7 relate back to the filing of the Amended Complaint (ECF No. 11) for purposes of satisfying the statute of limitations under Fed.R.Civ.P. 15(c); Bell v. City of Topeka,, 279 F. Appx. 659 (10th Cir. 2008)

7. The statute of limitations on Plaintiff's claims against John Doe Nos. 1-7 ran on November 14, 2016.

### III. Questions Presented.

A. Should Plaintiff be granted leave to amend his (first) Amended Complaint (ECF No. 11)?

### IV. Legal Argument and Authorities.

A. **Standards Applicable to a Motion to Amend.** Federal Rule of Civil Procedure 15(a)(2) governs the grant of leave to amend once the deadline for amendment as a matter of course has passed. Where that is the case here, Rule 15(a)(2) provides that, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P.

15(a)(2). Under the rule, leave is admittedly freely given when justice so requires. Id. However, the Court's discretion to freely grant leave to amend is not unfettered and without some level of restraint where it is reviewed for an abuse of discretion standard. Duncan v. Manager, Dep't of Safety, City & Cty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) (citing Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.1993)). Leave to amend may be denied where there is a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or **futility of amendment**. Id. Plaintiff's request for leave to amend should be denied in this instance where the proposed amendments are futile.

      **B.**    **Plaintiff's proposed amendments are futile.** Justice does not require the allowance of a futile amendment and, as is the case here, where the granting of leave to amend would be futile it should be denied. See Potts v. Boeing Co., 162 F.R.D. 651 (D.Kan. 1995); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990); see also 6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1487 at 643 (1990). An amendment is futile if it would be subject to dismissal. Steinert v. The Winn Grp., 190 F.R.D. 680, 682 (D. Kan. 2000).

      To survive a motion to dismiss, a plaintiff must plead "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). In pleading grounds for entitlement to relief, a plaintiff must provide more than just speculative allegations and must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. (internal citations omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949. Plaintiff's proposed amendments are subject to dismissal, and therefore futile, where they are precluded by the previous rulings of this court, and are otherwise subject to dismissal as articulated in Defendant's pending Motions for Summary Judgement (ECF Nos. 93 & 96).

    **1. Defendants Peters and Ware remain entitled to summary judgment in their favor on the claims asserted against them by Plaintiff whether as set forth in Plaintiff's current operative pleading (Amended Complaint (ECF No. 11)) or his proposed Second Amended Complaint (ECF No. 119-1).** Although not artfully plead and not expressly set forth in Plaintiff's Amended Complaint (ECF No. 11), this Court previously construed Plaintiff, who was *pro se* at the time, to be pursuing claims against Defendants Peters and Ware, in both their individual and personal capacities, pursuant to 42 U.S.C. § 1983 for alleged violation of Plaintiff's right to be free from the pre-arrest use of excessive force as protected by the 4th Amendment to the U.S. Constitution. Memorandum and Order (ECF No. 81), p. 19; Amended Complaint (ECF No. 11), pp. 1-2 ¶¶ A.2, A.3 and B.1. This Court construed the allegations set forth in Plaintiff's Amended Complaint (ECF No. 11), pp. 1-4 ¶¶ A.2, A.3, B.1, C.1.A, C.1.B & C.1.C and p. 8 ¶ C.1.D, to be asserting both a claim that Defendants Peters and Ware personally participated in the alleged use of excessive force against Plaintiff and that they failed to intervene in the alleged use of excessive force against Plaintiff by other law enforcement officers. Memorandum and Order (ECF No. 81), p. 27.

    Defendants Peters and Ware have now each filed a Motion for Summary Judgment (ECF Nos. 93 & 96) which establish that, based on the material facts, Plaintiff has no viable § 1983 claim against either of them. Because these Motions for Summary Judgment (ECF Nos. 93 &

96) remain pending, the issue before the Court in connection with Plaintiff's Motion for Leave to Amend (ECF No. 119) is whether Plaintiff's claims as set forth in his proposed Second Amended Complaint (ECF No. 119-1) would survive, not only dismissal, but also summary judgment based on the pending Motions (ECF Nos. 93 & 96) of Defendants Peters and Ware. A cursory review of Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) shows that the claims against Defendants Peters and Ware, whether as currently pled or proposed, are still subject to dismissal and/or summary judgment. Accordingly, Plaintiff's Motion (ECF No. 119) should be denied as futile.

Like his prior pleadings, Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) is no model of clarity. It continues to include references to the 5th, 8th and 14th Amendments to the U.S. Constitution which this Court has already correctly ruled cannot support § 1983 claims against Defendants Peters and Ware under the facts and circumstances alleged. Second Amended Complaint (ECF No. 119-1), p. 6 ¶ C.1.B.1 n. 3 and p. 7 ¶¶ C.1.C.2 & C.1.D.1 n. 4. Factual allegations as they relate to the claims asserted against Defendants Peters and Ware remain mostly unchanged and are asserted in a generalized, conclusory fashion. Plaintiff continues to assert only that Defendants Peters and Ware were respectively "employed as Kansas Highway Patrol (KHP), Special Response Team (SRT)" leader and lieutenant and that they were "legally responsible for their operations, supervision and actions." Amended Complaint (ECF No. 11) pp. 1-2 ¶¶ A.2 & A.3; proposed Second Amended Complaint (ECF No. 119-1), pp. 1-2 ¶¶ A.2 & A.3. As there is no there is no strict supervisory liability under § 1983, Plaintiff's Second Amended Complaint (ECF No. 119-1) remains legally deficient and subject to dismissal or summary judgment. See Serna v. Colorado Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006).

No other factual allegations are specifically attributed to either Defendant Peters or Ware in Plaintiff's Amended Complaint (ECF No. 11) or proposed Second Amended Complaint (ECF No. 119-1). Instead, Plaintiff asserts in both that he was "brutally beaten" in the presence of officers from Morris County, Riley County and the Kansas Highway Patrol Special Response Team (which the Court inferred Plaintiff intended to include Defendants Peters and Ware) and that none of the officers present intervened to stop the alleged use of excessive force during his arrest. Amended Complaint (ECF No. 11) p. 2 ¶ B.1; proposed Second Amended Complaint (ECF No. 119-1), p. 5 ¶ B.1. These factual allegations are used to support Plaintiff's claim in Count III that Defendants Peters and Ware, as well as other named defendants, failed to intervene and stop the alleged use of excessive force against him during his arrest. Amended Complaint (ECF No. 11) p. 4 ¶ C.2; proposed Second Amended Complaint (ECF No. 119-1), p. 7 ¶ C.2. This claim and the facts alleged to support it remain unchanged and Defendants Peters and Ware remain entitled to summary judgment in their favor on this claim.

Counts I, II & IV together with the facts alleged to support them also remain the same. Amended Complaint (ECF No. 11) pp. 3-4 ¶¶ C.1.A.2 & C.1.B.2 and p. 8 ¶ C.1.D.2; proposed Second Amended Complaint (ECF No. 119-1), pp. 6-7 ¶¶ C.1.A.2, C.1.B.2 & C.1.D.2. These Counts generally set forth the § 1983 claims by Plaintiff unspecified members of the Kansas Highway Patrol Special Response Team that he alleges used excessive force is arresting him. Notwithstanding the fact that Plaintiff already has knowledge that Defendants Peters and Ware were not among the Kansas Highway Patrol Special Response Team members directly involved in his arrest, see Affidavit of Brenda Jordan, ¶ 3, attached as Exhibit A to Plaintiff's Memorandum in Support of Plaintiff's Motion for Leave to Amend Per the Court's Memorandum and Order Dated July 19, 2017 (ECF No. 120), Plaintiff proposes no amendment

to his pleadings to correct the assumption made by the Court in its Memorandum and Order (ECF No. 81), p. 27, that Plaintiff had intended to assert that Defendant Peters and Ware actually personally participated in the alleged use of excessive force against him. Because Plaintiff has set forth no factual allegations that are specific to Defendants Peters or Ware, his claims against them in these Counts as set forth in both his Amended Complaint (ECF No. 11) and his proposed Second Amended Complaint (ECF No. 119-1) remain subject to dismissal based on the pleadings[1] and summary judgment based on the pending Motions (ECF Nos. 93 & 96).

In sum, Plaintiff does not seek to amend the current operative pleading (Amended Complaint (ECF No. 11)) in any material way as it relates to his claims against Defendants Peters and Ware. Because both Defendant Peters and Ware are entitled to summary judgment based upon their respective pending Motions (ECF Nos. 93 & 96), the Court should deny Plaintiff's Motion for Leave to Amend (ECF No. 119) as futile and grant the pending Motions for Summary Judgment (ECF Nos. 93 & 96) filed by Defendants Peter and Ware.

2. **Plaintiffs attempt to amend to add additional parties should also be denied as futile.** The real amendment sought by Plaintiff is leave to eight (8) individuals who were not previously parties to this action as additional defendants. Plaintiff seeks to replace the references to "John Doe Nos. 1-7" in his Amended Complaint (ECF No. 11) with the names of these new parties and assert § 1983 claims against each of them for alleged use of excessive force and/or failure to intervene in the alleged use of excessive force against Plaintiff by other law enforcement officers. Without getting into the other pleading deficiencies related to the claims against these new defendants, the primary reason why the Court should deny Plaintiff's Motion for Leave to Amend (ECF No. 119) as futile is because the claims against these

---

[1] See Jenkins v. Wood, 81 F.3d 988, 994–95 (10th Cir. 1996); Ruark v. Solano, 928 F.2d 947, 950 (10th Cir. 1991); Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); Serna v. Colorado Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006).

8

individuals are clearly barred on the face of Plaintiff's proposed Second Amended Complaint (ECF No. 119-1), p. 5 ¶ B.1, by the applicable statute of limitations.

Plaintiff seeks to avoid the bar of the statute of limitations by arguing in his Memorandum in Support of his Motion for Leave (ECF No. 120), pp. 8-23, that his untimely claims should be saved by virtue of either relation back under Fed.R.Civ.P. 15(c), equitable tolling or equitable estoppel. The merits of these arguments have already been briefed to the Court by the Motion to Reconsider and Memorandum in Support thereof (ECF Nos. 89 & 90) filed herein by Defendants Peters and Ware. The arguments and authorities set forth therein are incorporated herein by reference in opposition and response to the arguments and authorities presented by Plaintiff in his Memorandum in Support of his Motion for Leave (ECF No. 120), pp. 8-23.

However, Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) presents no factual allegations which would support the application of relation back under Fed.R.Civ.P. 15(c), equitable tolling or equitable estoppel in such a manner as to salvage his untimely claims. See Spicer v. New Image Intern., Inc., 447 F.Supp.2d, 1232-1235 (D.Kan. 2006). "If the complaint alleges facts which on their face seem time-barred, plaintiff has an affirmative obligation to plead facts which defeat the statute." Id. at 1232-33 (citations omitted). Like the complaint in Spicer, Plaintiff's proposed Second Amended Complaint (ECF No. 119-1) is clearly time-barred on its face as it relates to the new defendants Plaintiff seeks to add as parties. Also, like the complaint in Spicer, Plaintiff presents no factual allegations in his proposed Second Amended Complaint (ECF No. 119-1) which would defeat application of the statute of limitations. Spicer at 1235. Accordingly, granting Plaintiff leave to file his proposed Second Amended Complaint (ECF No. 119-1) would be futile and his Motion for Leave (ECF No. 119)

9

should therefore be denied.

V.  **Conclusion.**  The granting of leave to Plaintiff to file his proposed Second Amended Complaint (ECF No. 119-1) would be futile and should therefore be denied. See Potts v. Boeing Co., 162 F.R.D. 651 (D.Kan. 1995); Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir. 1992); Schepp v. Fremont County, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990); see also 6 Wright, Miller & Kane, Fed. Prac. & Proc. § 1487 at 643 (1990). An amendment is futile if it would be subject to dismissal. Steinert v. The Winn Grp., 190 F.R.D. 680, 682 (D. Kan. 2000). Because any future amendment to add parties as named defendants in place of John Doe Nos. 1-7 would be futile as such claims remain barred by the statute of limitations and no amendment sought would defeat the pending Motions for Summary Judgment (ECF Nos. 93 & 96) filed by Defendants Peters and Ware, Plaintiff's request for leave to file his proposed Second Amended Complaint (ECF No. 19-1) should be denied.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone:   (913) 371-3838
Facsimile:    (913) 371-4722
Email: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    Gregory P. Goheen    #16291
    Robert L. Turner, IV  #26661

*Attorneys for Defendants Rick Peters and Robert Ware*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system, served electronically and/or mailed, postage pre-paid, on this 27th day of October, 2017 to:

David G. Seely
Brain E. Vanorsby
Fleeson Gooing Coulson & Kitch
1900 Epic Center
301 N. Main
Wichita, Kansas 67202
Counsel for Plaintiff

David Cooper
Kevin Grauberger
Fisher Patterson Sayler & Smith, LLP
3550 S. W. 5th Street
Topeka, KS 66606
Attorneys for Defendants Robert Dirks, Mark French and Brian Johnson

/s/ Gregory P. Goheen