## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SAMUEL LEE DARTEZ, II,

       *Plaintiff,*

  vs.                          Case No. 15-3255-EFM-DJW

RICK PETERS, et al.,

       *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Samuel Lee Dartez, II brings this action against multiple Kansas Highway Patrol ("KHP") officers and supervisors (collectively the "KHP Defendants") and three Riley County Police Department detectives (the "RCPD Defendants").[1] Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated during the course of his 2014 arrest. There are several motions pending before this Court, including 1) the KHP Defendants' Motion to Reconsider (Doc. 89), 2) KHP Defendants Peters and Ware's Motions for Summary Judgment (Docs. 93, 96), 3) Plaintiff's Motion for Leave to Amend Complaint (Doc. 119), and 4) Plaintiff's Motion for Order Denying Defendants' Motions for Summary Judgment (Doc. 129). For the

---

[1] There were previously additional defendants, but the Morris County defendants were dismissed from this case. Doc. 79.

reasons discussed below, the Court grants Plaintiff's motions, and the Court denies Defendants' motions.

## I.        Factual and Procedural Background

Plaintiff claims that on November 13, 2014, certain officers used excessive force when arresting him, that others failed to intervene to prevent the excessive force, and that he was subsequently denied necessary medical care.  Plaintiff originally filed his Complaint on November 12, 2015, and included the KHP as a defendant.  Because Plaintiff was a prisoner filing pro se when he filed the action, his Complaint was subject to screening pursuant to 28 U.S.C. § 1915A. On June 2, 2016, after conducting this screening process and reviewing the Complaint, Magistrate Judge Waxse dismissed Plaintiff's initial Complaint but granted Plaintiff 30 days in which to file an amended complaint naming proper defendants and setting forth sufficient facts.  The Court noted that the KHP was not a proper defendant because the KHP, as an agency in the State of Kansas, was entitled to absolute immunity and was not a "person" amenable to suit under § 1983. The Court also noted that in Plaintiff's Amended Complaint, Plaintiff must assert a defendant's personal participation in the civil rights action and that Plaintiff could use fictitious names such as "John Doe" but must provide sufficient information so that each defendant could be identified for purposes of service.

On June 30, 2016, Plaintiff timely filed his Amended Complaint.  In Plaintiff's Amended Complaint, he asserted multiple claims under 42 U.S.C. § 1983 against Defendants.  The KHP Defendants include: Rick Peters (a KHP Special Response Team leader), Lieutenant Peter Ware (a KHP tactical team leader), and seven John Does.  Plaintiff alleges that these John Does were members of the KHP's tactical team and participated in his arrest.

On August 10, 2016, after reviewing the Amended Complaint, Judge Waxse issued an order directing the clerk of the court to prepare waiver of service forms.  In that same order, Judge Waxse denied without prejudice Plaintiff's motion for appointment of counsel.  The next day, the clerk's office issued waivers of service.

On August 18, 2016, Plaintiff filed a Certificate of Service stating that he had delivered a First Request for Production of Documents to Defendants.  In this request, he stated that he sought statements and records relating to his arrest.  He also stated that he wanted any and all information on all persons involved in his arrest, including the names and contact information of the KHP tactical team members (whether listed as a John Doe in the complaint or not).

On September 13, 2016, counsel for KHP Defendants Peters and Ware entered an appearance and asked for an extension of time (which he received) to respond to Plaintiff's Amended Complaint and Plaintiff's request for production of documents.  On October 11, 2016, counsel asked for an additional thirty-day extension.  Judge Waxse granted this request and extended the time to respond to Plaintiff's Amended Complaint and request for production of documents to November 10, 2016.

On November 10, 2016, counsel for KHP Defendants Peters and Ware asked for a third extension of time of 11 business days, or until November 28, to respond to the Amended Complaint and requests for production.  On November 28, 2016, the KHP Defendants filed a Motion to Dismiss.[2]  In this motion, they asserted numerous reasons for dismissal.  One ground, relevant to

---

[2] The order granting the KHP Defendants' extension of time to November 28, 2016, was not ruled upon until November 30, 2016—two days after the date Defendants had requested as a deadline to respond.  In this Order, Judge Waxse made Defendants' filing deadline retroactive to November 28.  Defendants met the deadline for responding to the Amended Complaint by filing a Motion to Dismiss on November 28, but they did not meet the deadline for responding to the requests for production because they did not respond until December 2.

the current motions before this Court, included that the John Doe Nos. 1-7 (employed as KHP tactical team members) had never been served with process and that the claims against them were now barred by the applicable two-year statute of limitations that expired on November 14, 2016. On this same date, the KHP Defendants filed a motion to stay deadlines pending the Court's ruling on their motion to dismiss.

On December 2, 2016, KHP Defendants Peters and Ware filed a Certificate of Service indicating that they served their response and objections to Plaintiff's discovery request.  In the response to Plaintiff, Defendants indicated that they did not have any responsive documents to Plaintiff's request for production.  On December 9, 2016, Judge Waxse entered an order staying the case, including discovery, until the Court ruled upon the two pending dispositive motions.

On July 19, 2017, this Court issued an Order granting in part and denying in part the KHP Defendants' Motion to Dismiss.  In this Order, the Court discussed the KHP Defendants' argument that John Doe Nos. 1-7 had not been served with process and thus should be dismissed for lack of personal jurisdiction.  The Court found that Plaintiff had shown good cause for his failure to timely effect service on John Doe Nos. 1-7 within 90 days of the Amended Complaint being filed.  In this Order, the Court noted that Plaintiff's failure to identify or serve the John Does could be attributed to KHP Defendants' counsel's evasiveness in responding to Plaintiff's request for production in documents.  The Court ordered the KHP Defendants' counsel to show cause why sanctions should not be imposed for this evasiveness.   Furthermore, the Court found that Plaintiff had diligently tried to effect service and that the facts of the case amounted to mitigating circumstances.  Thus, the Court granted Plaintiff an extension of time to serve John Doe Nos. 1-7.  The Court further ordered KHP Defendants Peters and Ware to submit the full names and service addresses of the John Does within 30 days of the Order and failure to do so would result in a show cause hearing.

Plaintiff was ordered to file a Motion for Leave to Amend his Complaint within 30 days of receiving the true identities of the John Does.

On August 2, 2017, Defendants Peters and Ware filed their response to the Court's Show Cause Order.  On August 9, the KHP Defendants' filed a Motion for Reconsideration of the Court's order denying and granting their previous Motion to Dismiss. This motion is currently before the Court.

On August 10, 2017, the KHP Defendants filed a Notice of Disclosure in Compliance with Court Order and identified 34 individuals as potential John Does.  On August 11, the Court appointed Plaintiff counsel.  On August 18, KHP Defendants Peters and Ware each filed a Motion for Summary Judgment (Docs. 93, 96).  Counsel for Plaintiff entered his appearance on this date too.  On August 23, based on Defendants' Notice of Disclosure, the Court set a show cause hearing for September 5, 2017.  The Court also extended Plaintiff's deadline for filing an amended complaint (and responding to the KHP Defendants' pending motions) to October 9, 2017.

The Court held a hearing on September 5, 2017.  In this hearing, the Court found that the KHP Defendants' response of identifying 34 individuals as potential John Does violated the Court's previous order of identifying the officers specifically involved in Plaintiff's arrest and found counsel in contempt of court.  During this hearing, the KHP Defendants' counsel identified eight individual KHP officers who were likely involved in the physical extraction of Plaintiff from his vehicle and his subsequent arrest.[3]

---

[3] As noted at the hearing, the Court had specifically ordered that only the names of the officers who responded to and were present during the incident be identified; not all members of the Special Response Team.  The Court characterized counsels' filing of 34 names as making a mockery of the Court's order, and made only for further purposes of confusion and delay.  When ordered by the Court to provide the names of the officers likely involved in the physical extraction of Plaintiff from his vehicle "right now," counsel was able to do so. That ability was further evidence that counsels' initial, much broader, response was part of their evasive conduct in this case.

On October 5, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 119).   In this motion, Plaintiff seeks to add the true identities of John Does 1-7.  Plaintiff also filed a Motion for Order Denying Defendants' Motions for Summary Judgment (pursuant to Fed. R. Civ. P. 56(d)) or in the Alternative for an Extension of Time to Respond (Doc. 129).  The Court will first consider Plaintiff's Motion for Leave to Amend Complaint and Defendant KHP's Motion for Reconsideration.  The Court will then address Plaintiff's Motion seeking the denial of KHP Defendants Peters and Ware's summary judgment motions.

## II.      Plaintiff's Motion to Amend Complaint and Defendants' Motion for Reconsideration (Docs. 119, 89)

Plaintiff seeks leave from the Court to file a Second Amended Complaint.  Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after service of a responsive pleading or a Rule 12 motion. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[4]  "The court should freely give leave when justice so requires."[5]

Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[6]  The Court may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[7]

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[7] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff does not make any substantive changes to the factual allegations in the previous complaint but seeks to substitute the actual names of eight John Doe defendants and include service of process information for those Defendants.  Plaintiff is following this Court's previous order directing Plaintiff to seek leave to file an amended complaint after he obtained the information on the John Doe defendants.

The KHP Defendants oppose the filing of a Second Amended Complaint.  They make a number of arguments as to the futility of the amendment including that 1) the claims against Peters and Ware are not viable,[8] 2) the claims do not relate back to the First Amended Complaint, 3) the claims against the John Doe Defendants are barred by the statute of limitations, and 4) equitable considerations do not toll the statute of limitations.[9]

## A.      Statute of Limitations

---

[8] Defendants Peters and Ware argue that they have each now filed a Motion for Summary Judgment which establishes that Plaintiff has no viable claim against them.  As will be noted below, these summary judgment motions will be denied pursuant to Fed. R. Civ. P. 56(d) because Plaintiff establishes the need for additional time to conduct discovery to respond to these motions.  Thus, Defendants Peters' and Ware's arguments relating to their summary judgment motions and the viability of the claims asserted against them are irrelevant at this juncture.

[9] Defendants' statute of limitations, relation back, and equitable consideration arguments are also made in Defendants' Motion for Reconsideration (Doc. 89).  In this motion, they ask the Court to reconsider its earlier Order (Doc. 81) where the Court denied in part and granted in part Defendants' request for dismissal.  Defendants requested dismissal on the basis that John Doe Nos. 1-7 had not been served with process and any claims against them were now barred by the applicable statute of limitations.  Defendants primarily discussed service of process issues and only briefly discussed the statute of limitations issue.  They did not provide any case law or analysis regarding the statute of limitations and/or relation back in their Motion to Dismiss.  In the Court's Order, the Court noted that whether a statute of limitations may have expired is a factor when evaluating whether a plaintiff has demonstrated good cause for an extension of time for service.  Ultimately, the Court found that good cause existed to extend the time to serve the John Doe Defendants.

A Motion for Reconsideration is not the time to assert new arguments that were not previously made.  Instead, it must be based on an 1) an intervening change in the law, 2) new evidence that was previously unavailable, or 3) the need to correct clear error or manifest injustice.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Defendants do not identify any of these factors.  As noted above, Defendants raised the statute of limitations issue in their previous briefing, but they did not brief it in detail.  Thus, the Court will not reconsider its prior ruling and accordingly denies Defendants' Motion to Reconsider.  For purposes of this Order, the Court will address the statute of limitations, relation back, and equitable consideration arguments in the context of Plaintiff's Motion for Leave to Amend as these issues ultimately address whether the amendment to include the true identities of the John Does is futile or not.

Claims brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions.[10]  In Kansas, there is a two-year statute of limitations for personal injuries.[11]  Here, the incident involving Plaintiff occurred on November 13, 2014. Plaintiff filed suit within this time on November 12, 2015.  Plaintiff named the KHP as a defendant and Plaintiff's Complaint was subject to screening pursuant to 28 U.S.C. § 1915A.  On June 2, 2016, Judge Waxse found that Plaintiff's suit against the KHP was not proper as the KHP was not a "person" for purposes of § 1983 and directed Plaintiff to file an amended complaint naming the proper defendants, including any John Does if necessary.  On June 30, 2016, Plaintiff filed his Amended Complaint naming two individual Defendants from the KHP and seven additional John Does employed by the KHP.  On November 13, 2016, none of the John Doe Defendants had been served.  Thus, the statute of limitations expired on that date absent any reason for tolling or extending the statute of limitations.

## B.  Tolling

Generally, the inclusion of a John Doe in a complaint does not stop the statute of limitations from running.[12]  There are circumstances, however, in which a plaintiff's claim may still be timely. "[A]t least one of two conditions must be satisfied: 1) the limitations period must have been tolled at least until plaintiff filed his amended complaint; or 2) the amended complaint must relate back to the date of filing the original complaint pursuant to Rule 15(c)."[13]  Questions related to tolling

---

[10] *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).

[11] K.S.A. § 60-513(a)(4).

[12] *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004); *Sellers v. Cline*, 2015 WL 1262895, at *2 (D. Kan. 2015).

[13] *Sellers*, 2015 WL 1262895, at *2.  The parties discuss the relation back issue of the Amended Complaint in detail.  Suffice to say, the parties do not agree whether Plaintiff's claims in the Second Amended Complaint relate back to the First Amended Complaint.  In *Garrett v. Fleming*, the Tenth Circuit found that the substitution of named

and application are also governed by the forum state's law.[14]  With regard to tolling, "a trial court [in Kansas] cannot toll a limitations period; only the legislature, by statute, may do so."[15]  "Despite this seemingly hard and fast rule, Kansas courts have recognized equitable tolling and the related concepts of equitable estoppel and the 'unique circumstances doctrine.' "[16]

## C.    Unique Circumstances Doctrine and Equitable Tolling

In this case, Plaintiff does not attempt to toll the limitations period statutorily because there is no basis to do so.  Instead, Plaintiff proceeds under equitable tolling, the unique circumstances doctrine, and equitable estoppel.[17]  The unique circumstances doctrine is limited in scope and only involves situations where non-party error is at issue.[18]  Equitable tolling applies when a person has been pursuing his rights diligently and some "extraordinary circumstance" prevented the timely filing.[19]

As an initial matter, Defendants conflate the unique circumstances doctrine with the "extraordinary circumstance" inquiry under equitable tolling.  These are two separate theories.  To be sure, case law from Kansas only occasionally discusses equitable tolling and generally the

---

defendants in place of the original John Doe defendants "amounted to adding a new party" and did not relate back under Fed. R. Civ. P. 15(c) because naming a John Doe was not a "mistake" as to the identity of party.  *Garrett*, 362 F.3d at 696.  Plaintiff points out that more recent decisions, including *Krupski v. Costa Crociere*, 560 U.S. 538 (2010), *may* impact the analysis under *Garrett*.  The Tenth Circuit, however, has not reached this issue.  The Court declines to discuss the relation back issue because equitable tolling is available to Plaintiff.

[14] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) (citing *Wilson*, 471 U.S. at 269).

[15] *Bell v. City of Topeka*, 279 F. App'x 689, 692 (10th Cir. 2008) (citations omitted).

[16] *Sellers*, 2015 WL 1262895, at *3 (citations omitted).

[17] The Court will not discuss equitable estoppel principals.

[18] *Finley v. Estate of Degrazio*, 285 Kan. 202, 170 P.3d 407, 412-13 (2007).

[19] *McClain v. Roberts*, 2013 WL 3970215, at *3 (Kan. Ct. App. 2013) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)); *Sellers*, 2015 WL 1262895, at *3, n. 3 (citing *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014)).

circumstances do not warrant it.[20]  In contrast, the unique circumstances doctrine is discussed more frequently in Kansas.[21]  The unique circumstances doctrine considers the non-party error, whether the party's conduct affected the non-party error, and whether the party reasonably relied upon the non-party's action.[22]  Equitable tolling, however, requires that a plaintiff has been pursuing his rights diligently and some "extraordinary circumstance" prevented the timely filing.[23]  Because equitable tolling and the unique circumstances doctrine have different elements, these two equitable doctrines are separate.

Defendants further contend that it is questionable "whether equitable tolling based on 'unique circumstances' " is a viable legal doctrine under Kansas law and Defendants state that this Court should certify the question to the Kansas Supreme Court.  Defendants' contention, however, is an incorrect statement and ignores the discussion in several Kansas cases.  In *Mangus v. Stump*, the Kansas Court of Appeals discussed the confusion surrounding the unique circumstances

---

[20] *See McClain*, 2013 WL 3970215, at *3 (finding that equitable tolling did not toll the statute of limitations of a prisoner's § 1983 claim because ignorance of the law was not an extraordinary circumstance); *Harris v. Neill*, 2009 WL 3082642, *6 (Kan. Ct. App. 2009) (finding that equitable tolling did not apply to toll the 15-year adverse possession period).

[21] *See Slayden v. Sixta*, 250 Kan. 23, 825 P.2d 119, 125 (1992) (finding the unique circumstances doctrine applicable when the clerk of the court incorrectly addressed the summons causing a 40-day delay in service and determining that the clerk's error should not be charged to the plaintiff); *Mangus v. Stump*, 45 Kan. App. 2d 987, 260 P.3d 1210, 1218 (2011) (review denied Mar. 9, 2012) (finding that the unique circumstances doctrine was applicable to prevent the plaintiff's cause of action from being barred by the statute of limitations because the plaintiff's counsel did not make any misrepresentations to the court when asking for an extension of time to serve process and then plaintiff's counsel relied upon the district court's order extending the time for service of process which then caused the plaintiff to miss the statute of limitations); *Finley*, 170 P.3d at 412-13 (finding the unique circumstances doctrine inapplicable when the party's attorney made untrue representations to the court to extend an extension of time from the court); *Underhill v. Thompson*, 37 Kan. App. 2d 870, 158 P.3d 987, 995-96 (2007) (finding that the unique circumstances doctrine did not apply when a plaintiff obtained service on a defendant eight hours late because no third party error contributed to the delay)..

[22].*See Mangus*, 260 P.3d at 1218 (finding that plaintiff's cause of action was not barred by the statute of limitations because the plaintiff's counsel did not make any misrepresentations to the court in asking for an extension of time for service and then relied upon the district court's order extension).

[23] *See McClain*, 2013 WL 3970215, at *3.

doctrine and whether it was still viable in some cases.[24]   Noting that the question of whether to extend an appeal period on the basis of unique circumstances was up before the Kansas Supreme Court and had not yet been answered, the Kansas Court of Appeals discussed the viability of the doctrine with regard to extending the statute of limitations.[25]   The court noted the distinction between applying the unique circumstances doctrine to jurisdictional or non-jurisdictional issues.[26]   With jurisdictional issues, such as statutory deadlines for filing an appeal, the unique circumstances doctrine cannot be employed.[27]   The statute of limitations, however, is an affirmative defense that can be waived and is not jurisdictional.[28]   In *Mangus*, the issue related to a statute of limitations timeframe, and the Kansas Court of Appeals stated "[n]ow that we have established that the unique circumstances doctrine is still viable, in the appropriate situation, to prevent a cause of action from being barred by the statute of limitations, the question then becomes whether it was proper for the district court to apply the doctrine to the facts of this case."[29]   Thus, the Kansas Court of Appeals applied it in *Mangus* to a non-jurisdictional statute of limitations

---

[24] *Mangus*, 260 P.3d at 1214-18.

[25] *Id.* at 1216.

[26] *Id.* at 1217; *see also Bd. of Cty. Comm'rs of Sedgwick Co. v. Park City*, 293 Kan. 107, 260 P.3d 387, 394 (2011) (noting the distinction between the applicability of the unique circumstances doctrine to cases involving jurisdictional and non-jurisdictional time limits).

[27] *Mangus*, 260 P.3d at 1215 (noting the holding in *Bowles v. Russell*, 552 U.S. 205, 214 (2007)); *see also Park City*, 260 P.3d at 394.

[28] *Mangus*, 260 P.3d at 1217; *see also Park City*, 260 P.3d at 394 (stating that the statute of limitations "is a defense related to a nonjurisdictional time limit and is subject to equitable tolling").

[29] *Mangus*, 260 P.3d at 1217.

timeframe and determined that it was applicable to prevent the plaintiff's cause of action from being barred by the statute of limitations.[30]

Several months after the Kansas Court of Appeals' decision in *Mangus*, the Kansas Supreme Court decided *Board of County Commissioners of Sedgwick County v. City of Park City*.[31]  In *Park City*, the Kansas Supreme Court found that the unique circumstances doctrine cannot be used to extend jurisdictional statutory deadlines.[32]  The subsequent holding in *Park City* relating to jurisdictional statutory deadlines, however, does not disturb the conclusion in *Mangus*. Furthermore, the Kansas Supreme Court declined to review the *Mangus* case.  Accordingly, the Kansas Court of Appeals decision remains good law and the applicability of the unique circumstances doctrine appears viable as applied to non-jurisdictional timeframes (statute of limitations).[33]

### 1.    Unique Circumstances Doctrine

Plaintiff contends that the unique circumstances doctrine is applicable here because he was subject to a non-party's (the Court) delay.  The Court agrees.  Plaintiff filed suit on November 12, 2015.[34]  This date was approximately one year after the events in question (November 13, 2014) and one year *prior* to the expiration of the statute of limitations (November 13, 2016).  Because

---

[30] *Id.* at 1218.

[31] 260 P.3d 387.

[32] *Id.* at 394.

[33] *See also Knittel v. Kan. Prisoner Review Bd.*, 2014 WL 6777450, at *4 (Kan. App. Ct. 2014) (noting that the court assumed the doctrine of unique circumstances to still be applicable to avoid a statute of limitations bar but declining to determine the current contours of the doctrine because the facts of the case precluded its use).

[34] On this same date, he filed a Motion for Leave to Proceed in forma pauperis. This motion was not ruled upon and granted until March 31, 2016.

Plaintiff was a pro se prisoner, his Complaint was subject to the Court's screening process. The Court did not make any ruling on Plaintiff's Complaint until June 2, 2016—203 days after Plaintiff filed his Complaint and while the statute of limitations continued to run. On this date, the Court ordered Plaintiff to file an amended complaint within thirty days to name the proper Defendants. Specifically, as it relates to the KHP Defendants, the Court found that the KHP (as an entity) was not a proper party because it was not a person for purposes of § 1983. Thus, the Court ordered Plaintiff to name individual KHP Defendants and if unknown to name them as John Does with sufficient information.

On June 30, 2016, Plaintiff filed his Amended Complaint, naming Peters, Ware, and seven John Does of the KHP. The Court took until August 10, 2016 to screen the Amended Complaint and then directed the clerk of the court to prepare waiver of service forms for the named Defendants. On August 11, 2016, the waivers of service of summons were issued—42 days after the Amended Complaint was filed. In all, from the time Plaintiff initially filed his complaint until the Court directed the clerk to issue waivers of service of summons, 274 days passed. During this time, the statute of limitations continued to run and Plaintiff could do nothing with his case while waiting on the Court's screening process. Thus, the Court concludes that the unique circumstances of the case (screening the complaint for 274 days) extended the statute of limitations.[35] This time should not be held against Plaintiff.

Additional circumstances, however, extend the statute of limitations even longer. On August 11, 2016, the case essentially began. On August 18, Plaintiff attempted to ascertain the

---

[35] *See Ellibee v. Fox*, 2005 WL 1153605, at *3-4 (D. Kan. 2005) (finding the unique circumstance doctrine applicable because the court's screening process contributed to the delay in serving the defendant).

identities of the John Doe Defendants when he specifically requested identification of the John Doe Defendants through discovery.[36]  On September 13, 2016, counsel for the KHP Defendants Peters and Ware entered his appearance and sought an extension of time to respond to Plaintiff's Amended Complaint and to Plaintiff's first request for production of documents.[37]  Defendants did not provide much detail for the reasons requesting the extension of time.  And three days later, the Court granted the request, which as to the discovery request the Court should not have done.[38]  Had the court not made the error in allowing the extension of time, Defendants' response to this discovery request would have been due on September 20, 2016.[39]

The KHP Defendants requested two more extensions of time to respond to the Amended Complaint and the discovery.  The Court granted both requests.  Again, as noted above, the Court should not have granted the requests for extensions of time with respect to the discovery responses (for which, again, no real justification was proffered in the requests) and these extensions of time compounded and exacerbated Plaintiff's inability to ascertain the identities of the seven John Does.

---

[36] Plaintiff labeled his discovery a Request for Production of Documents but he also included interrogatory-type questions in this discovery.

[37] Because Plaintiff was proceeding pro se at the time and incarcerated, Defendants' counsel could not confer with him regarding any of the extensions of time Defendants requested.

[38] The Court recognizes that extensions of time are sometimes (or oftentimes) necessary in responding to complaints and discovery requests.  The Court accepted counsels' reasons for an extension of time to respond to the Amended Complaint as stated at the hearing on September 5, 2017.  But no real reason was given for the requested extension of time to respond to discovery requests, either when initially made, nor when after the fact the Court asked counsel to justify it.  The Court made clear at the September 5, 2017 hearing that counsel had failed to identify a justifiable reason for an extension of time to respond to the discovery requests, either when the requests were made (which is the relevant time period), or even after the fact. Therefore, it was error for the Court to grant that extension under these circumstances, which are unique to this case.

[39] See Fed. R. Civ. P. 6(d) and 34(b)(2)(A). The Court notes that the KHP Defendants belatedly made the argument that they never had an obligation to respond to Plaintiff's discovery because Plaintiff's request was premature as the Amended Complaint had not yet been served when he sent his discovery request.  The Court, however, previously found that Defendants waived that argument by failing to assert it when seeking their extensions of time to respond to the discovery and ultimately responding to the discovery.

Plaintiff should not be penalized by the Court erroneously extending the KHP Defendants' time to respond. Thus, the Court concludes that because the Court erroneously granted the requests for extension of time, the statute of limitations should be tolled from the date the KHP Defendants' response to the discovery requests would have been due (September 20, 2016) until when the KHP Defendants actually answered the request (December 2, 2016). This timeframe amounts to an additional 73 days of tolling.

Finally, one more period must be included. On December 9, 2016, the Court entered a stay on all proceedings in the case until the resolution of several Defendants' dispositive motions. At that point, due to the Court's issuance of a stay in the case, Plaintiff could not do anything with this case. The case was on hold until this Court's ruling on the dispositive motions on July 19, 2017. Between December 9, 2016, and July 19, 2017, 222 additional days passed. In total, there are 569 days for which Plaintiff was waiting on a non-party to perform an action in this case and it was not due to Plaintiff's lack of diligence. The Court finds that under the unique circumstances of this case, the statute of limitations was tolled and has not yet expired. Accordingly, Plaintiff's claims against the John Does are timely.

### 2. *Equitable Tolling*

The Court notes that equitable tolling would also likely provide a basis for the tolling of the statute of limitations. Equitable tolling applies when a person has been pursuing his rights diligently and some "extraordinary circumstance" prevented the timely filing.[40] Here, it appears that Plaintiff diligently attempted to identify the John Doe Defendants employed by the KHP and involved in his arrest. He provides three affidavits in which he and his two previous attorneys

---

[40] *McClain*, 2013 WL 3970215, at *3.

(that were involved in his criminal case) detail the efforts undertaken to identify the officers prior to filing his Complaint in this Court. The Court will only set forth a few details. Plaintiff contacted both the Morris County Sheriff's Department and the Kansas Bureau of Investigation and neither would provide Plaintiff with any information. Plaintiff's previous counsel requested discovery from both Morris County and the KHP. Ultimately, the state court would not allow the discovery because it was irrelevant to Plaintiff's state criminal proceedings.

In this lawsuit, Plaintiff tried to ascertain the names by sending a request for production of documents to Defendants. When the named KHP Defendants Peters and Ware responded, they asserted that they had no documents or knowledge regarding the identities of the officers. Plaintiff did not receive any information as to the identities of the KHP officers without court involvement.

Defendants insist that Plaintiff did not make any efforts to ascertain the identities of the John Doe Defendants or that his attempts "were minimal at best and hardly constitute diligence." Defendants first complain that Plaintiff did not do enough during the nine-month screening process by the Court to discover the true identities of the John Does. The case, however, was on hold because the Court was screening Plaintiff's complaint, and Plaintiff was waiting on the Court's decision to see if the case could move forward.[41] Yet, on the other hand, when the case resumed in August and Plaintiff sent a Request for Production of Documents, Defendants complain that Plaintiff failed to do it properly.[42] When Defendants responded to the request approximately 100

---

[41] Defendants state that Plaintiff could have sought leave to engage in third party discovery such as the issuance of a subpoena or sought leave to issue interrogatories to the named defendants to obtain the identities of the John Does.

[42] Defendants take issue with the timing as well as the content of Plaintiff's requests.

days later, Defendants stated that they did not have information as to the identities of the officers.[43] Defendants are imposing a standard upon Plaintiff that he simply cannot meet. Plaintiff attempted to ascertain the John Doe identities prior to filing suit, as well as during the time the case was active in this Court. It is unclear to the Court what efforts Defendants would find sufficient to establish *reasonable* diligence, but the Court concludes that Plaintiff employed reasonable diligence.

The extraordinary circumstance in this case is generally what occurred during Plaintiff's case once he filed it in federal court. Plaintiff filed this action approximately one year after the events in question and one year prior to the expiration of the statute of limitations. The Court first took approximately nine months to screen Plaintiff's initial and Amended Complaint. Once the Court screened the Amended Complaint and allowed it to proceed, during the next three months, the KHP Defendants delayed in responding to Plaintiff's request to identify the John Does (and the Court allowed these extensions of time). For over one year (November 12, 2015, through November 13, 2016), the statute of limitations continued to run and indeed expired while Plaintiff could take no action. To penalize Plaintiff for events beyond his control is not equitable. Accordingly, the Court finds that this is a case in which equitable tolling is available to Plaintiff.

*3.    Conclusion*

In sum, the Court finds that the circumstances of this case warrant equitable considerations. Because the statute of limitations was tolled, either by the unique circumstances doctrine or

---

[43] Only after the Court issued a written order requesting the identification of the officers involved and during the Court's show cause hearing did the KHP Defendants supply the names of the John Does. *See* Docs. 81, 106. And actually, not even then; as previously noted in this Memorandum and Order at footnote 3, even then the identification of just those officers' names were masked by inclusion in a list of 34 names. Only when the Court, during the hearing, ordered that the specific names be identified "right now" did counsel for these defendants belatedly comply.

equitable tolling, and it has not yet expired, Defendants' argument as to the futility of Plaintiff's proposed amendment to add the names of the John Does fails.  Accordingly, the Court grants Plaintiff leave to file the Amended Complaint.[44]  Plaintiff should file this complaint forthwith.

### III.  Plaintiff's Motion to Deny Defendants Peters' and Ware's Motions for Summary Judgment Pursuant to Rule 56(d) or, in the Alternative, for an Extension of Time (Doc. 129)

KHP Defendants Peters and Ware have each filed a Motion for Summary Judgment. Plaintiff requests that the Court deny KHP Defendant Peters' and Ware's motions because counsel has only recently been appointed and there has not been a sufficient opportunity to conduct discovery.  Defendants oppose the motion arguing that there is no discovery that will change the facts and evidence set forth to date.  Defendants also assert that the Court has already recognized in a previous order that any opportunity to engage in discovery pursuant to Rule 56(d) will not change any of the material facts.[45]

---

[44] Defendants also contend that Plaintiff's proposed Amended Complaint does not contain factual allegations to support equitable tolling. The Court will not require Plaintiff to file an additional complaint setting forth factual allegations relating to equitable tolling. These facts are in front of the Court and the Court can determine from the briefing and the previous pleadings and briefing in this case as to the applicability of equitable tolling.

[45] Defendants are referencing this Court's discussion in an order granting the Morris County Defendants' Motion for Summary Judgment (Doc. 79).  As to Defendants' assertion that the Court already ruled that no additional discovery will change any of the material facts, this assertion is inaccurate.  Previously, Plaintiff (while proceeding pro se) asserted arguments in his opposition to the Morris County Defendants' Motion for Summary Judgment that *could be construed* as Rule 56(d) arguments.  He, however, did not submit an affidavit as required by Rule 56(d) and failed to address all of the necessary elements.  Thus, the Court found that Plaintiff's argument was both technically and substantively deficient to meet the requirements of Rule 56(d) and declined to postpone ruling on the Morris County Defendants' Motion for Summary Judgment.  The Court did *not* definitively rule that additional discovery would not change any of the material facts.  Furthermore, that order addressed different Defendants who presumably had different roles in the incident at issue. Finally, with regard to the Morris County Defendants' motion, Plaintiff failed to appropriately controvert the facts set forth by the Morris County Defendants and thus all of their facts were deemed uncontroverted.  Those circumstances are not present in this case.

When the nonmoving party "has not had the opportunity to discover information that is essential to his opposition," summary judgment should be refused.[46]  "Requests for further discovery should ordinarily be treated liberally."[47]  "But relief under Rule 56(d) is not automatic."[48]  "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[49]

Here, Plaintiff states that further discovery will provide more accurate evidence of the activities and whereabouts of Defendants Peters and Ware, including whether they could see or hear the events as they occurred.  Plaintiff contends that further discovery may establish that Peters and Ware were aware of and had the opportunity to intervene during the alleged assault.  Plaintiff's counsel avers that he believes discovery may reveal that Defendants Peters and Ware were not isolated from the events as the facts set forth in their respective summary judgment motions make it appear.

Plaintiff and Plaintiff's counsel have also detailed the previous efforts to obtain discovery. As noted above, Plaintiff (while proceeding pro se) attempted to obtain discovery but little to no information was obtained.  Then, discovery in the case was stayed for quite some time. Discovery

---

[46] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

[47] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

[48] *Id.*

[49] *Id.* (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)); *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006).

only recently resumed when Plaintiff was appointed counsel.  The day that Plaintiff's counsel entered his appearance in the case is the same day that Defendant Peters' and Ware filed their motions for summary judgment.  Plaintiff's counsel avers that additional time and discovery will allow him the ability to rebut Defendant Peters' and Ware's version of the events in their motions for summary judgment.  The Court agrees.  Defendants do not make an argument that Plaintiff has not met the four required elements and do not make any compelling argument as to why Plaintiff's motion should not be granted.  Accordingly, Plaintiff's Motion to Deny Defendants Peters' and Ware's Motion for Summary Judgment Pursuant to Rule 56(d) is granted.  This motion is granted without prejudice to Defendants refiling their motions for summary judgment at a later date.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 89) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Peters' Motion for Summary Judgment (Doc. 93) is **DENIED WITHOUT PREJUDICE TO REFILING**.

**IT IS FURTHER ORDERED** that Defendant Ware's Motion for Summary Judgment (Doc. 96) is **DENIED WITHOUT PREJUDICE TO REFILING**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 119) is **GRANTED**.  Plaintiff should file his Amended Complaint forthwith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Denying Defendants' Motions for Summary Judgment (Doc. 129) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 2nd day of March, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE