IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-3255-EFM |
| | ) |
| RICK PETERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER (ECF NO. 577)**

**I.     Nature of the Matter.**  On August 24, 2021, Plaintiff accepted Defendants' Offer of Judgment. (ECF No. 570-2) which was subsequently entered as a Judgment (ECF No. 571) on September 21, 2021.  The only remaining issue is whether and, if so, in what amount Plaintiff can recover attorneys' fees under the applicable law.  *See* 42 U.S.C. §§ 1988 & 1997e.  Subsequent to the entry of Judgment (ECF No. 571), the parties have engaged in discussions, as required by D.Kan.R. 54.1(a)(2)(D).  However, to date no agreement has been reached yet Plaintiff filed a Motion for Approval to Disclose Statements Made in Mediation Settlement Negotiations (ECF No. 576), on November 22, 2021, at around 3:03 pm, which the Court granted the morning of November 23, 2021, without first allowing Defendants the ability to file a response as allowed under D.Kan.R. 6.1(d) and 7.1(c).  Order (ECF No. 577).  Plaintiff's request to violate the confidential mediation process is improper and, if permitted, will have a chilling effect on all parties' approach to the mediation process.  10th Cir. R. 33.1(D); *see also* D.Kan.R. 16.3(i)(2)("'confidential information' must not be…disclosed to the trial judge … .").  Plaintiff's citation to D.Kan.R. 16.3(j)(2) is misleading as Plaintiff concedes, as he must, that there is no agreement on any award of attorneys' fees or costs.  Accordingly, Defendants respectfully request

the Court reconsider its Order (ECF No. 577) and deny Plaintiff's Motion (ECF No. 576) in order to correct clear error.  D.Kan.R. 7.3(b)(3).

**II.	Statement of Facts.**  The following facts are relevant to the motion before the Court:

1.	Defendants filed a Notice of Appeal (ECF No. 555) seeking interlocutory appeal of the Memorandum and Order (ECF No. 544) denying summary judgment which had been sought, *inter alia*, based on qualified immunity.

2.	On appeal, the parties engaged in mediation pursuant to the Tenth Circuit's Notice of Mediation (Document No. 010110504068).

3.	On August 18, 2021, Defendants made an Offer of Judgment to Plaintiff.  (ECF No. 570-1).

4.	On August 24, 2021, Plaintiff accepted Defendants' Offer of Judgment. (ECF No. 570-2) which rendered Defendants' appeal moot and was subsequently entered as a Judgment (ECF No. 571) on September 21, 2021.

5.	On November 22, 2021, Plaintiff filed a Motion for Approval to Disclose Statements Made in Mediation Settlement Negotiations (ECF No. 576).

6.	On November 23, 2021, the Court granted Plaintiff's Motion for Approval to Disclose Statements Made in Mediation Settlement Negotiations (ECF No. 577).

**III.	Questions Presented.**

**A.	Whether Plaintiff should be allowed to disclose statements made during the mediation before the Tenth Circuit Court of Appeals in Plaintiff's anticipated motion for attorneys' fees?**

**IV.     Arguments and Authorities.**

   **A.     This Court erred in granting Plaintiff's Motion (ECF No. 576).**  Although it is unclear exactly what Plaintiff desires to present to the Court, it is clear Plaintiff's Motion (ECF No. 576) seeks to improperly invade the confidential province of the mediation process in contravention of 10th Cir. R. 33.1(D).

   As provided on the 10th Cir. website, https://www.ca10.uscourts.gov/cmo/faqs/mediation:

   Is the mediation confidential?

> All communications in the course of a mediation conference or in any subsequent discussions are kept confidential. Nothing said during the discussions is placed in the record or disclosed by anyone to anyone not participating in the mediation process. Counsel and parties may not refer to or quote any statement made during the course of these discussions in their briefs or at oral argument or in any proceeding in any other court. Furthermore, they may not share the content of these discussions with anyone outside the mediation process, such as reporters or other members of the media. 10th Cir. R. 33.1(D). See Clark v. Stapleton Corp., 957 F.2d 745 (10th Cir. 1992). Discussions under 10th Circuit Rule 33.1 may not be recorded by counsel or the parties.

*See* 10th Cir. R. 33.1(D); *see also* D.Kan.R. 16.3(i)(2)("'confidential information' must not be…disclosed to the trial judge … .").

   Plaintiff seeks to circumvent this clear rule of law by relying on D.Kan.R. 16.3(j)(2) and suggesting that this rule somehow applies "to the construction of the accepted offer of judgment here." Motion (ECF No. 576), p. 2.  "In interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties. Nor can they allow their awareness of such irrelevant facts to influence their interpretations of the plain language of the Offer." Lima v. Newark Police Dep't, 658 F.3d 324, 333 (3rd Cir. 2011).  By it's own terms, D.Kan.R. 16.3(j)(2) only applies where a party is seeking to disclose "an agreement, by all parties to the agreement, which appears to constitute a settlement contract, if necessary in proceedings to determine the existence of a binding settlement contract."  It has not application in the context of an accepted

3

Rule 68 offer of judgment. Accordingly, permitting Plaintiff to violate the confidentiality of the mediation process in this case is contrary to the law.

The case law cited by Plaintiff does not provide otherwise. The unpublished decision in Fourhorn v. City and County of Denver, 2009 WL 1289110 at *2 (D.Colo. 2009), involved a situation where a plaintiff was seeking to collect money based on an offer of judgment that a defendant had attempted to rescind. In that context, although the court permitted limited disclosure of statements made during a settlement conference, the court recognized that "public disclosure of statements made during a confidential settlement conference is detrimental to the parties' and other litigants' willingness to be candid and open settlement negotiations," and that "disclosure of these statements would undermine "the proper functioning of the settlement conference program." Fourhorn has no precedential value and is factually distinct from the present case. Here Defendants are not seeking to rescind the accepted offer judgment which, at this point, has been entered as a judgment in this case.

Bradbury v. Phillips Petroleum Co., 815 F.2d 1356, 1364 (10th Cir.1987), did not involve an offer of judgment and instead involved examination of the circumstances under which evidence of settlement negotiations could be admitted notwithstanding Fed.R.Evid. 408. Notably, Bradbury concluded that: "when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." As such, Bradbury certainly does not support Plaintiff's Motion (ECF No. 576) and would, instead, suggest that the same should have been denied.

Similarly, Bank of America National Trust & Savings Association v. Hotel Rittenhouse Associates, 800 F.2d 339, 345 (3rd Cir. 1986), involved an attempt to adjudicate the validity of their agreement. There has been no agreement reached on attorneys' fees in this case. The same hold true for PRL USA Holdings, Inc., v. U.S. Polo Ass'n, 520 F.3d 109, 113-16 (2nd Cir. 2008).

These cases simply have no application to Plaintiff's Motion (ECF No. 576) or the remaining issues to be resolved by the court, if any, in this case.

**V.     Conclusion.**   Plaintiff's counsel is trying to breach the confidentiality of a mediation process in order to present improper extrinsic evidence concerning an accepted Rule 68 offer of judgment.  The Judgment (ECF No. 571) plainly leaves Plaintiff's claims for attorneys' fees unresolved to be determined by the court.  This type of effort does not warrant breaching the rules protecting the confidentiality of settlement conferences.  The Tenth Circuit Court of Appeals has emphasized the importance of keeping settlement conference discussions confidential and separated from the final decisionmaker in this case.  Mediations are entered into with the understanding of confidentiality and would have no value if statements made therein were no longer confidential.  Accordingly, Defendants respectfully request the Court to reconsider its Order (ECF No. 577) and deny Plaintiff's Motion (ECF No. 576).

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone:     (913) 371-3838
Facsimile:     (913) 371-4722
Email:  ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
        Gregory P. Goheen     #16291

*Attorneys for Defendants Rick Peters, Robert Ware, Jason Bailey, Christopher Beas, Daniel W. Diloreto, Brian S. Hedgecock, Christopher Mai, Colby J. Markham, David Ruble, Alex Taylor, Jason Devore, Robert Keener, Christopher Bowling, Perry Frey and Herman Jones*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system, served electronically and/or mailed, postage pre-paid, on this 7th day of December, 2021 to:

David G. Seely
Fleeson Gooing Coulson & Kitch
1900 Epic Center
301 N. Main
Wichita, Kansas 67202
Attorneys for Plaintiff

                                          /s/ Gregory P. Goheen