IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-03255-EFM-GEB |
| | ) |
| RICK PETERS, et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER**

COMES NOW the Plaintiff, Samuel Lee Dartez, II, and in opposition to Defendants' Motion to Reconsider (Doc. 580), states as follows:

Defendants' motion seems unnecessary, given that the Court has not ruled that any settlement discussions are admissible or will automatically be considered, but merely that Plaintiff is not precluded from mentioning them in connection with his anticipated motion for attorney fees. However, Defendants' memorandum (Doc. 581, at p. 4), also urges the Court to rule on the merits and deny Plaintiff's motion (Doc. 576).

Several aspects of Defendants' memorandum (Doc. 581) require comment.

First, Defendants state (correctly) that "[s]ubsequent to the entry of Judgment, the parties have engaged in discussions, as required by D.Kan.R. 54.1(a)(2)(D)." Plaintiff wishes to make clear that those post-judgment discussions are not the settlement discussions that are the subject of Plaintiff's motion (Doc. 576).

Second, Defendants assert (inaccurately) that "Plaintiff concedes as he must that there is no agreement on any award of attorneys' fees or costs." Plaintiff makes no such concession.

Indeed, it is Plaintiff's position that although the parties have not reached agreement regarding the *amount* of attorney fees and costs to be awarded, they had agreed (both before and during mediation) to negotiate and settle attorney fees and costs separately from damages and non-monetary issues, and to the payment of fees and costs in addition to the monetary amount of the settlement.

Third, Defendants' Statement of Facts omits any mention of the Stipulation of Dismissal filed in the Tenth Circuit on September 1, 2021, which expressly stated that the stipulation was made "[p]ursuant to mediation discussions conducted pursuant to Tenth Circuit Rule 33.1." It should be clearly understood that Plaintiff's acceptance of the Defendants' Offer of Judgment was part of a negotiated settlement that also included the dismissal of the Defendants' appeal, and carved out and reserved the issues of attorney fees and costs for separate negotiations and settlement.

Fourth, Defendants cite *Lima v. Newark Police Dep't*, 658 F.3d 324, 333 (3d Cir. 2011) for the overly broad and unqualified proposition that "[i]n interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties." Of course, "Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles." *See Steinver v. Lewmar, Inc.,* 816 F.3d 26, 31 (2nd Cir. 2017). "[I]f a writing, or the term in question, appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature ...." *Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.*, 962 F.2d 268, 272 (2d Cir. 1992).

But that does not end the inquiry. If a term in an offer of judgment is ambiguous, it must be construed against the party who drafted it. *See, e.g., Steinver v. Lewmar, Inc.,* 816 F.3d at 32. "[B]ecause the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity concerning attorney fees." *Anchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013). In addition, under the parol evidence rule, as applied under Kansas law, extrinsic evidence may be admissible to explain, but not vary, the terms of a written contract. *See Simpson v. Kimberlin*, 12 Kan. 579, 584 (1874)("Of course, parol evidence can never be introduced to contradict or vary the terms of a written contract, (except where directly attacked in a court of equity for fraud or mutual mistake;) but parol evidence of surrounding facts and circumstances may always be introduced to explain the terms of a written contract where such terms are not in and of themselves sufficiently plain and obvious, or where other evidence has already been introduced tending to make such terms uncertain or ambiguous."). "If a written contract is actually ambiguous concerning a specific matter in the agreement, facts and circumstances existing prior to and contemporaneously with its execution are competent to clarify the intent and purpose of the contract in that regard, but not for the purpose of varying and nullifying its clear and positive provisions." *First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 624, 602 P.2d 1299 (1979)(quoting *Weiner v. Wilshire Oil Co.*, 192 Kan. 490, 496, 389 P.2d 803 (1964)).

Moreover, if Defendants continue to insist that there was an agreement between the parties that Mr. Dartez's $60,000.00 would be reduced by some portion of his attorney fees, then a dispute exists regarding the existence of such an agreement, including what terms the parties actually did (or did not) agree to, as to which extrinsic evidence may be properly admitted.

Indeed, D.Kan.R.16.3(j)(2) exists for the very purpose of allowing evidence of settlement discussions to be admitted "in proceedings to determine the existence of a binding settlement contract." Defendants' suggestion to the contrary should be disregarded.

Furthermore, the parol evidence rule recognizes at least one exception for representations made in negotiations between the parties. *See Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 614 (D. Kan. 1999)("[A] well-recognized exception to the parol evidence rule permits the use of evidence of fraudulent representations made during the course of negotiations where a contract is procured or induced by the fraudulent representations of one of the parties which were relied upon by the other.").

Fifth, it must be noted that 10th Cir.R.33.1(D) does not address the situation where (as here) the parties have actually reached a settlement through the mediation process, but disagree regarding the terms of that agreement. A rule of confidentiality that would prohibit evidence of the parties' statements to prove the existence and terms of their settlement agreement would be contrary to the strong public policy favoring (and encouraging) settlement.

Sixth, Defendants' attempts to distinguish and disregard the authorities previously cited by Plaintiff are unsuccessful. That these cases did not involve disputes regarding attorney fees is beside the point. The procedure utilized and the holding in *Fourhorn v. City and County of Denver*, 2009 WL 1289110 (D. Colo. 2009) recognize that the confidentiality invoked by Defendants here is not absolute. Likewise, both Fed.R.Evid. 408 and *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356 (10th Cir. 1987) acknowledge that evidence of settlement negotiations may be admissible. In *Bank of America National Trust & Savings Association v. Hotel Rittenhouse Associates*, 800 F.2d 339, 342 (3d Cir. 1986), the issue was not the "validity"

of the parties' agreement (as Defendants suggest), but a motion to unseal settlement documents that had been filed under seal.  In *PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 115 (2d Cir. 2008), the court said:

> To construe Rule 408 as barring such evidence [of prior statements during settlement negotiations] would substantially limit the opportunity of defendants to rely on the defense of estoppel, even when well substantiated. *See Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir.2000) ("It would be an abuse of Rule 408 to allow one party during compromise negotiations to lead his opponent to believe that he will not enforce applicable time limitations and then object when the opponent attempts to prove the waiver of time limitations. Similarly, it would be an abuse of Rule 408 to let Bankcard lull Universal into breaching the contract and then prevent Universal from explaining its actions because the lulling took place around the settlement table.") (citing 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5312, at 273 n. 5 (1980)).

*Id*.  These authorities support Plaintiff's position that the contents of mediation settlement negotiations may be admitted into evidence and considered by the court, in appropriate circumstances.

Seventh, plainly the Court cannot make any determination at this stage, and in the abstract, regarding the admissibility of any statements made during the parties' settlement negotiations.  Such a determination must await the full and complete briefing of the motion for attorney fees, and consideration of specific statements in light of the issues as framed by the positions of the parties, as set forth in their respective briefs.   Defendants' motion for reconsideration is unnecessary and/or premature, and should be denied.

WHEREFORE, Plaintiff respectfully requests that Defendants' motion to reconsider be denied.

        Respectfully submitted,

        /s/ David G. Seely
        David G. Seely, S.Ct. #11397
        FLEESON, GOOING, COULSON, & KITCH, L.L.C.
        1900 Epic Center 301 North Main
        Wichita, Kansas 67202
        Phone: (316) 267-7361
        Fax: (316) 267-1754
        dseely@fleeson.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 17, 2021, the foregoing Response was electronically filed with the clerk of the court by using the CM/CEF system which will send a notice of electronic filing to all counsel of record.

        /s/ David G. Seely
        David G. Seely