IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMUEL LEE DARTEZ, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-3255-EFM |
| | ) |
| RICK PETERS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S ORDER (ECF No. 577)</u>**

Again, the only substantive issue remaining to be decided in this case is whether and, if so, in what amount Plaintiff can recover attorneys' fees under the applicable law. *See* 42 U.S.C. §§ 1988 & 1997e. Prior to filing his application for fees, Plaintiff filed his Motion for Approval to Disclose Statements Made in Mediation Settlement Negotiations (ECF No. 576) which the Court granted without affording Defendants an opportunity to file a response. Order (ECF No. 577). Even in his Response to Defendants' Motion to Reconsider (ECF No. 584), Plaintiff remains vague about what communications from the confidential mediation he intends to submit to the Court and for what purpose. Plaintiff first admits that there is no settlement on attorneys' fees and then seems to suggest that some settlement agreement was reached. Defendants are aware of no communications that took place with Plaintiff's counsel, whether part of the mediation process or outside of the mediation process, that would have any relevance to Plaintiff's anticipated claim for attorneys' fees or suggest that the parties reached any agreement on attorneys' fees. Should the Court ultimately order the parties to disclose the parties' confidential communications, those communications will show that no settlement agreement whatsoever was reached between the parties on attorneys' fees (or otherwise for that matter). In fact, if it were not for the importance

1

of maintaining the mediation and settlement negotiation process as a confidential, Defendant would invite the Court to review the parties' communications, if for no other reason than to demonstrate that there exists no impropriety in those communications as might be implied from Plaintiff's Motion (ECF No. 576) and also to show that those communications would not support Plaintiff's position.  However, the confidentiality imposed by, *inter alia*, 10th Cir. R. 33.1(D) and D.Kan.R. 16.3(i)(2) should not be so lightly disregarded.  At this point, Plaintiff has presented no compelling rationale for invading the confidentiality of the mediation process and the confidentiality of the process should therefore be maintained.

Here, an offer of judgment was made to Plaintiff pursuant to Fed.R.Civ.P. 68.  An offer under this rule, even an accepted one, does not constitute a settlement agreement rather it results in a judgment.  Thus, D.Kan.R. 16.3(j)(2), the basis relied on by Plaintiff, has no application.  Here, the offer was accepted resulting in a stipulated dismissal of the pending appeal to the Tenth Circuit as moot.  The Offer (ECF No. 570-2), Notice of Offer (ECF No. 570) and Judgment (ECF No. 571), as well as the Stipulation of Dismissal (ECF No. 010110570198), are all publicly filed documents.  Contrary to Plaintiff's inference in his Response (ECF No. 584), the terms and language in the Offer (ECF No. 570-2), Notice of Offer (ECF No. 570) and Judgment (ECF No. 571) remain unchanged and were never negotiated by the parties.  The language concerning attorneys' fees is "plus reasonable attorneys' fees and costs allowed by law, which have been incurred to date in this cause" and is relatively common language used in a Fed.R.Civ.P. 68 offer of judgment.  To the extent that language may end up being relevant to Plaintiff's anticipated application for attorneys' fees, this language can be legally interpreted by the Court without resort to extrinsic (and non-existent) evidence from a confidential mediation process.

Accordingly, Defendants respectfully request the Court reconsider its Order (ECF No. 577) and deny Plaintiff's Motion (ECF No. 576) in order to correct clear error.  D.Kan.R. 7.3(b)(3).

        Respectfully submitted,

        McANANY, VAN CLEAVE & PHILLIPS
        10 East Cambridge Circle Drive, Suite 300
        Kansas City, Kansas 66103
        Telephone:     (913) 371-3838
        Facsimile:     (913) 371-4722
        Email:  ggoheen@mvplaw.com

        By: /s/ Gregory P. Goheen
              Gregory P. Goheen     #16291

*Attorneys for Defendants Rick Peters, Robert Ware, Jason Bailey, Christopher Beas, Daniel W. Diloreto, Brian S. Hedgecock, Christopher Mai, Colby J. Markham, David Ruble, Alex Taylor, Jason Devore, Robert Keener, Christopher Bowling, Perry Frey and Herman Jones*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system, served electronically and/or mailed, postage pre-paid, on this 31st day of December, 2021 to:

David G. Seely
Fleeson Gooing Coulson & Kitch
1900 Epic Center
301 N. Main
Wichita, Kansas 67202
Attorneys for Plaintiff

        /s/ Gregory P. Goheen

3