IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL LEE DARTEZ, II,

    *Plaintiff,*

vs.

    Case No. 15-CV-03255-EFM-GEB

RICK PETERS, *et al.*,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is the Kansas Highway Patrol ("KHP") Defendants' Motion for Reconsideration (Doc. 580). Plaintiff previously filed a Motion to Disclose Statements Made in Mediation Settlement Negotiations (Doc. 576). The Court granted that motion without allowing time for Defendants to respond. Now, Defendants ask the Court to reconsider this ruling. Because the Court finds its earlier ruling was in error, the Court grants Defendants' motion.

**I.    Factual and Procedural Background**

In short, this case is a civil rights action arising out of the circumstances of Plaintiff's arrest, during which he alleges he was brutally beaten by the arresting officers. The remaining facts and intervening procedural history of this case does not concern the Court at this time, as only a few of the most recent events are relevant to the instant motion.

On February 26, 2021, the Court denied the KHP Defendants' motion for summary judgment, which was based in part on a qualified immunity defense. Defendants filed an interlocutory appeal of this decision. While the matter was on appeal, Plaintiff and Defendants participated in a mediation conference pursuant to the Tenth Circuit's Notice of Mediation under 10th Cir. R. 33.1. Defendants thereafter made an Offer of Judgement under Fed. R. Civ. P. 68, which Plaintiff accepted. According to the terms of the Offer, on September 21, 2021, the Court entered judgment "in the amount of Sixty Thousand Dollars ($60,000.00) plus reasonable attorneys' fees and costs allowed by law, which have been incurred to date in this cause and no other relief."

The parties thereafter entered into discussion regarding what, if any, attorney's fees were appropriate. During these discussions, Plaintiff became concerned that Defendants had reversed their initial position, reflected in the Offer of Judgement, that attorneys' fees should be in excess of the $60,000 judgment, and instead that the $60,000 should be reduced by a portion of the attorneys' fees. To resolve this dispute, and in preparation for its forthcoming motion for attorney's fees, Plaintiff filed a motion seeking the Court's approval to disclose statements made in the appellate mediation conference. The Court granted that motion the day after it was filed. Defendants now ask the Court to reconsider this decision.

## II.    Legal Standard

Local Rule 7.3 governs motions to reconsider non-dispositive orders.[1] Such a motion must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or

---

[1] D. Kan. R. 7.3(b).

(3) the need to correct clear error or prevent manifest injustice."[2] "The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence."[3] A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[4] In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[5] The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[6]

### III.   Analysis

The thrust of Defendants' argument on this motion to reconsider is that the Court erred in permitting Plaintiff to disclose statements made during the appellate mediation conference, because Tenth Circuit local rules do not allow such disclosure. Tenth Circuit Rule 33.1 provides that "[s]tatements made during the [mediation] conference and in related discussions, and any records of those statements, are confidential and must not be disclosed by anyone . . . to anyone not participating in the mediation process."[7] It follows from this rule, according to Defendants,

---

[2] *Id.*

[3] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, at *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[4] *Id.*

[5] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[6] *Vanlerberghe v. Apfel*, 2000 WL 360104, *1 (D. Kan. 2000) (citations omitted).

[7] 10th Cir. R. 33.1(D).

that because the undersigned did not participate in the mediation process, disclosure of confidential statements made during that process should be prohibited.

Plaintiff takes a different view. He believes that 10th Cir. Rule 33.1(D) does not address the situation currently before the Court, where the parties have reached an agreement through the mediation process but now disagree regarding the terms of that agreement. Further, Plaintiff cites this Court's local rule for the proposition that statements made during alternative dispute resolution, while typically confidential, may be disclosed in certain limited circumstances.[8]

Plaintiff is mistaken. This Court's own local rule, D. Kan. Rule 16.3, is inapplicable because the mediation conference at issue took place not at this Court's direction, but rather at that of the Tenth Circuit. Thus, the Tenth Circuit rules appear applicable. And importantly, unlike this Court's rule, the Tenth Circuit rule does not provide exceptions to the general rule of confidentiality, under which statements of parties participating in a mediation conference may be properly disclosed.[9] Rather, Rule 33.1 broadly states that "[s]tatements made during the conference and in related discussions, and any records of those statements, are confidential and must not be disclosed by anyone . . . to anyone not participating in the mediation process."[10] The rule does not appear to provide any avenues for the disclosure of such statements.[11]

This broad language, without any exceptions, leads the Court to conclude that even cases in which the parties dispute the meaning of a purported settlement agreement that arose out of a

---

[8] D. Kan. R. 16.3(i), (j).

[9] For instance, subjection (j), on which Plaintiff's original motion relied, provides that the general rule of confidentiality does not prohibit "disclosure of an agreement, by all parties to the agreement, which appears to constitute a settlement contract, if necessary in proceedings to determine the existence of a binding settlement contract." D. Kan. R. 16.3(j)(2). No analogous provisions exist in the Tenth Circuit rules.

[10] 10th Cir. Rule 33.1(D).

[11] *See id.*

mediation are subject to the veil of confidentiality.  Plaintiff points to no Tenth Circuit cases recognizing an exception to its rule of confidentiality in analogous circumstances, and the Court finds none.  For this Court to now recognize such an exception would, in essence, be to appoint itself to re-draft the Tenth Circuit local rules.  For obvious reasons, the Court declines to do so.

The cases cited by Plaintiff are inapposite.  For instance, Plaintiff cites cases that suggest Rule 408 of the Federal Rules of Evidence does not prohibit disclosure in these circumstances,[12] and that extrinsic evidence may be used to construe the Rule 68 Offer of Judgment.[13]  But each of these address an issue the Court would have to confront if Plaintiff overcame the confidentiality hurdle.  Plaintiff has not done so, and that is reason enough to conclude statements made during the appellate mediation conference should not be disclosed.

Even though Defendants prevail on their motion, they should not read this ruling as approving of what Plaintiff describes as their current course of action.  Defendants apparently believe, contrary to the clear language of their Offer of Judgment,[14] that Plaintiff's $60,000 judgment should be reduced by some portion of Plaintiff's attorneys' fees.  The Court notes that, should Defendants wish to make that argument in a forthcoming motion regarding attorneys' fees, they should not expect to find a receptive ear in this Court.

---

[12] *See Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356 (10th Cir. 1987). The Court expresses no view on the merits of these arguments at this time.

[13] *See Steiner v. Lewmar, Inc.*, 816 F.3d 26 (2d Cir. 2017) ("Courts have generally held that such ambiguities [in Rule 68 Offers] will be construed against the offeror."); *First Nat. Bank of Olathe v. Clark*, 226 Kan. 619, 602 P.2d 1299, 1304 (1979) ("If a written contract is actually ambiguous concerning a specific matter in the agreement, facts and circumstances existing prior to and contemporaneously with its execution are competent to clarify the intent and purpose of the contract in that regard, but not for the purpose of varying and nullifying its clear and positive provisions."). Again, the Court does not address the merits of this argument.

[14] The Offer was "in the total amount of Sixty Thousand Dollars ($60,000.00) *plus* reasonable attorneys' fees and costs allowed by law, if any, which have been incurred to date in this cause and no other relief."

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (Doc. 580) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 8th day of February, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE