IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL LEE DARTEZ, II,

    *Plaintiff,*

vs.

    Case No. 15-CV-03255-EFM

RICK PETERS, *et al.*,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is a motion by the Kansas Highway Patrol ("KHP") Defendants[1] seeking leave to deposit the monetary judgment against them into the registry of the Court. KHP Defendants rely on Fed. R. Civ. P. 67 for this motion. Plaintiff objects on several grounds, one of which is his belief that Rule 67 is inapplicable to the circumstances currently before the Court. The Court agrees, and therefore denies KHP Defendants' Motion to Deposit Monetary Judgment Into Court (Doc. 589).

---

[1] These are Defendants Rick Peters, Alex Taylor, Jason Bailey, Christopher Beas, Daniel DiLoreto, Christopher Mai, Colby Markham, David Ruble, Brian Hedgecock, Herman Jones, Perry Frey, Christopher Bowling, Robert Keener, Jason Devore, and Robert Ware.

### I.      Factual and Procedural Background

On September 21, 2021, the Court entered judgment in favor of Plaintiff and against the KHP Defendants in the amount of $60,000 plus reasonable attorneys' fees and costs allowed by law. This was pursuant to KHP Defendants' Offer of Judgment under Fed. R. Civ. P. 68, which Plaintiff accepted. The attorneys' fees and costs in this case are the subject of other motions pending before this Court and are thus yet undetermined.

Defense counsel represents that the State of Kansas intends to satisfy the amounts awarded to Plaintiff against the KHP Defendants, as provided for in K.S.A. § 75-6116.[2] But according to counsel, the State only plans to do so if certain steps are first taken with respect to a previous restitution award against Plaintiff. In 2015, Plaintiff was convicted of attempted first-degree murder after a jury trial in Kansas state court. His sentence included a term of imprisonment, which Plaintiff is still serving, along with an order to pay $25,000 in restitution to the Crime Victims Compensation Board, a program administered by the Kansas Attorney General's Office.

This restitution order appears to be the driving force behind Defendants' instant motion. According to Defense counsel, the State has apparently informed him that it will still satisfy the award against KHP Defendants only on the condition that the State's "interests are afforded an opportunity to be adjudicated prior to the distribution by the Court of those monies to Plaintiff." Though it is unclear what adjudication either Defense counsel or the State have in mind, especially considering the State is not a party to this lawsuit, Defendants have now requested the money

---

[2] This statute provides that "[i]f an employee of a governmental entity is or could be subject to personal civil liability on account of a noncriminal act or omission which is within the scope of the employee's employment and which allegedly violates the civil rights laws of the United States or of the state of Kansas . . . [t]he governmental entity, subject to any procedural requirements imposed by statute, ordinance, resolution or written policy, shall pay or cause to be paid any judgment or settlement of the claim or suit, including any award of attorney fees, and all costs and fees incurred by the employee in defense thereof," if certain requirements are met. K.S.A. § 75-6116(a), (b).

judgment be deposited into the Court's registry under Rule 67 until the State is able to collect the $25,000 restitution.

## II.     Legal Standard

Rule 67 of the Federal Rules of Civil Procedure provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money." The language of this rule commits to the Court's discretion the decision as to whether to allow deposit in a particular case.[3]

Not every case is a proper candidate for the deposit of funds with the Court. "Rule 67 is a procedural device intended to provide a place for safekeeping for *disputed funds* pending resolution of a legal dispute"[4] The purpose of this device is to "relieve the depositor of responsibility for a fund in dispute."[5] Its purpose is not, however, to be an " 'equitable' alternative to the applicability of state law" collection remedies under Rule 64.[6] "Rule 67 was intended to apply only to a fund that is in dispute."[7]

## III.    Analysis

These Rule 67 standards make clear that this is not a proper case for deposit of all or even part of the money judgment with the Court. As Plaintiff ably points out, this is not a case where

---

[3] *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989).

[4] *BMO Harris Bank N.A. v. Smith*, 2020 WL 2914838, at *2 (D. Kan. 2020) (emphasis added), *vacated on other grounds*, 2021 WL 3915079 (D. Kan. 2021). *See also Cap. Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1150 (D. Kan. 2010) ("[T]he Court denies KMBS's motion pursuant to Fed.R.Civ.P. 67 to deposit funds with the Court . . . because there is no dispute concerning the entitlement to the funds at issue.").

[5] *Hubbard v. Plaza Bonita, LP*, 2020 WL 3441027, at *1 (S.D. Cal. 2020) (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2991 (2d ed. 1997)).

[6] *Baxter v. United Forest Prod. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969).

[7] *Id.*

there is a disputed entitlement to these *particular funds*.  Only Plaintiff was entitled to recover from the KHP Defendants, and thus only Plaintiff is entitled to the specific funds that make up the money judgment against the KHP Defendants.  The State may be entitled to collect some money from Plaintiff by virtue of the restitution order against him, but it is not necessarily entitled to the specific funds of the judgment.  The State here is much more akin to a creditor of Plaintiff, rather than a party with some claim of entitlement to the funds at issue.  And Plaintiff is correct that the mere existence of creditors is not enough to require deposit with the Court.  The money judgment here is not "in dispute" for the purposes of Rule 67.

Nor are Defendants solely seeking to relieve themselves of responsibility for the funds at issue.  Rather, they seem to be acting in a capacity akin to agents of the State, so as to ensure it has the opportunity, before any money is paid to Plaintiff, to collect on the $25,000 restitution.  But Rule 67 is not designed to be an alternative to state law collection remedies.

The Court can understand the dilemma currently faced by the KHP Defendants as a result of the State's position, as they have described it.  This, however, does not make Rule 67 applicable to the circumstances before the Court.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Deposit Monetary Judgment into Court (Doc. 589) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 25th day of March, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE