UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL LEE DARTEZ II )
)
    Plaintiff, )
)
vs. ) Case No. 15-3255-EFM
)
RICK PETERS, et al., )
)
    Defendants. )
_____)

**PLAINTIFF'S RESUBMITTED FEE APPLICATIONS
AND STATEMENT REGARDING REMAINING ISSUES**

  In accordance with the directive contained in the Court's April 17, 2024, Order (Doc. 641), Plaintiff submits this filing for purposes of resubmitting his two prior fee requests in light of the Tenth Circuit's decision on appeal. *Dartez v. Peters*, 97 F.4th 681, 2024 U.S. App. LEXIS 7069 (10th Cir. Mar. 26, 2024). The time to request rehearing or en banc review in the Tenth Circuit has expired and the Tenth Circuit has issued its mandate returning jurisdiction to this Court. (Doc. 640; *see also* Doc. 642). Through this filing, Plaintiff also takes the opportunity to address all issues that he believes remain to be resolved in this matter.

*Plaintiff's First Motion for Fees*

  Plaintiff initially sought fees in a motion and supporting memorandum filed on February 15, 2022. (Docs. 591 & 592). Plaintiff requested a fee award based on the following lodestar computations:

| Attorney/Paralegal | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| David Seely | 1291.1 hours | $325/hr | $419,932.50 |
| Brian Vanorsby | 1528.0 hours | $200/hr | $305,600.00 |
| Lyndon Vix | 23.6 hours | $275/hr | $6,490.00 |
| Ryan Meyer | 7.4 hours | $250/hr | $1,850.00 |
| Cheryl Clark | 185.5 hours | $95/hr | $17,622.50 |
| Emily Arida[1] | 43.4 hours | $80/hr | $3,472.00 |
| **Total** | | | **$754,967.00** |

Plaintiff further proposed that the total amount of fees be reduced by 10% to account for work that had been devoted to claims against the Morris County defendants who had been dismissed from the case. Thus, the total fee request was $679,470.30. (Doc. 592, p. 44).

Defendants opposed that motion and argued that plaintiff's fees were significantly limited by the provisions of the Prison Litigation Reform Act (PLRA), which caps the total fees that may recovered, caps the hourly rates which may be used in the lodestar calculation, and requires a plaintiff to personally pay a portion of the fees out of his or her recovery. (Doc. 612). Defendants did not argue that the hourly rates attributed to Plaintiff's counsel were unreasonable, but only that those rates must be capped by the PLRA. (Doc. 612, pp. 19-20).

In a Memorandum and Order entered on July 19, 2022, this Court granted Plaintiff's fee request in part and denied it in part. The Court held that the Offer of Judgment that was used to resolve this matter did not cap the total amount of fees that Plaintiff could recover

---

[1] At the time this work was performed, Ms. Arida was a summer law clerk.

(nor did it require Plaintiff to pay a portion of those fees), but that the PLRA did cap the hourly rates that could be used to calculate the fees. (Doc. 620). The Court approved the hours expended on the case and recalculated the amounts sought by Plaintiff using those lower rates:

| Attorney/Paralegal | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| David Seely | 1291.1 hours | $237/hr | $306,227.70 |
| Brian Vanorsby | 1528.0 hours | $200/hr | $305,600.00 |
| Lyndon Vix | 23.6 hours | $237/hr | $5,593.20 |
| Ryan Meyer | 7.4 hours | $237/hr | $1,753.80 |
| Cheryl Clark | 185.5 hours | $95/hr | $17,622.50 |
| Emily Arida | 43.4 hours | $80/hr | $3,472.00 |
| **Total** | | | **$640,269.20** |

The Court agreed with Plaintiff's proposal that the total amount of fees be reduced by 10% to account for the Morris County defendants, and thus awarded Plaintiff fees in the total amount of $576,242.28. (Doc. 620, pp. 17-18). The Court also awarded non-taxable expenses in the amount of $2,052.67. (Doc. 620, p. 20).

Defendants appealed from the Court's ruling that the PLRA fee cap did not apply to the Offer of Judgment and Plaintiff cross-appealed from the ruling that the PLRA rate cap nevertheless applied to the offer. (Docs. 622 & 625).

After extensive briefing and argument before the Tenth Circuit, that Court issued a published opinion on March 26, 2024. The Appeals Court affirmed this Court's holding that the PLRA fee cap did not apply and that Plaintiff was not required to contribute to the fee

award. 2024 U.S. App. LEXIS at *24. With regard to Plaintiff's cross-appeal, the Court ruled as follows:

> The parties agree that they either waived all of the statutory limitations or none of them, and we've already upheld the district court's findings that the parties had agreed to avoid the statutory limits on a fee award. Given our affirmance of those findings, the defendants have conceded that we would also need to reverse the district court's application of the cap on hourly rates. Given this concession, we reverse the district court's application of the statutory cap on hourly rates.

*Id*. at *23-24. As to the cross-appeal, the Tenth Circuit "remanded to the district court to recalculate the fee award without the statutory cap on hourly rates." *Id.* at *24.

Given the Tenth Circuit's holding, all that remains with regard to Plaintiff's initial fee request is arithmetic. This Court has already approved the number of hours requested and Defendants did not argue that the hourly rates requested were unreasonable, but only that they were capped by the PLRA.[2] Plaintiff therefore reiterates his original request, itemized at page 2 above, that fees in the total amount of $679,470.30 be awarded for work done on the merits of this case, along with the $2,052.67 in nontaxable expenses previously awarded.[3]

---

[2] To the extent there is any present question about the reasonableness of the requested rates, Plaintiff incorporates his arguments in this regard set forth in his original fee memorandum (Doc. 592, pp. 41-42) and reply in support of that motion (Doc. 619, p. 13), as well as the Declaration of his expert witness, attorney Paul McCausland, who opined that the hourly rates sought are reasonable. (Doc. 592-4).

[3] In *Ramos v. Lamm*, 713 P.2d 546, 555 (10th Cir. 1983), the Tenth Circuit held that "[t]he hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the court, rather than those in effect at the time the services were performed." The hourly rates of all of the timekeepers involved have increased since Plaintiff's original motion was filed in February of 2022, and Plaintiff believes he would be justified in asking that the fee award be recalculated at current rates. After consideration, however, Plaintiff has elected to ask that the Court grant fees as they were originally requested.

*Plaintiff's Second Motion for Fees*

On September 1, 2022, after the Court had entered its initial fee award, Plaintiff filed a second motion for fees and a memorandum in support. (Docs. 621 & 631). This motion covered fees and expenses incurred by Plaintiff in enforcing the offer of judgment and obtaining an award of fees (*i.e.*, "fees on fees"). Plaintiff provided authority for that request and an itemization of time expended regarding the original fee request. Plaintiff provided alternative lodestar calculations of these fees using both the timekeepers' regular hourly rates and the rates if the PLRA cap applied. (Doc. 631, pp. 7-8). The fees requested using the regular rates were as follows:

| Attorney/Paralegal | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| David Seely | 156.6 hours | $325/hr | $37,114.20 |
| Lyndon Vix | 71.9 hours | $275/hr | $19,772.50 |
| Ryan Meyer | 67.4 hours | $250/hr | $16,850.00 |
| Emily Arida[4] | 55.4 hours | $175/hr | $9,695.00 |
| Peyton Weatherbie[5] | 22.8 hours | $115/hr | $2,622.00 |
| Megan Townsley | 7.6 hours | $200/hr | $1,520.00 |
| Cheryl Clark | 2.5 hours | $95/hr | $237.50 |
| **Total** | | | **$101,592.00** |

Plaintiff proposed that the lodestar fees be reduced by 20% to account for some degree of overlap or duplication of effort, making the total fee request $81,273.60. (Doc. 631, p. 8). Plaintiff also sought to recover nontaxable expenses of $1,230.00. (Doc. 631, p. 12).

---

[4] At the time this work was performed, Ms. Arida was an associate attorney in the firm.

[5] At the time this work was performed, Ms. Weatherbie was a summer law clerk.

Defendants' response primarily argued that Plaintiff was not entitled to recover any fees whatsoever for the work done litigating the question of fees. Defendants also attacked, with a variety of invectives, the amount of the fees request and isolated certain of the time entries for criticism. (Doc. 636). Plaintiff replied to all of these arguments and conceded that one time entry, corresponding to fees of only $104.50, should not have been included in his motion. (Doc. 639). Plaintiff therefore reduced his request to $81,169.10 in fees, and $1,230.00 in expenses. (Doc. 639, p. 10).

Not surprisingly, because the question of whether virtually ***any*** fees were recoverable by Plaintiff was pending on appeal, this Court did not rule on Plaintiff's second motion for fees. Now that the Tenth Circuit has affirmed Plaintiff's entitlement to recovery of reasonable fees and has ruled that counsel's regular hourly rates must be applied, the second motion for fees is ripe for decision. That motion has been fully briefed and Plaintiff hereby incorporates his original memorandum (Doc. 631) and reply memorandum (Doc. 639) in support of his renewed request that the Court award fees of $81,169.10 and expenses of $1,230.00 incurred in connection with litigating the issue of Plaintiff's entitlement to fees under the Offer of Judgment.[6]

### *Appellate Fees*

The issue of appellate fees is not yet ripe in this Court and is mentioned by Plaintiff only to alert the Court as to what may be coming in the future.

---

[6] Again, Plaintiff does not seek to have the hourly rates increased to reflect current rates, as would be allowed by *Ramos*. *See* note 3, *supra*.

After prevailing on appeal, Plaintiff filed a motion in the Tenth Circuit on April 23, 2024, pursuant to 10th Cir. R. 39.2, seeking to recover fees incurred in connection with the appeal and successful cross-appeal. *See Iqbal v. Golf Course Superintendents Ass'n*, 900 F.2d 227, 230 (10th Cir. 1990) (award of appellate attorneys' fees is appropriate under 42 U.S.C. § 1988(b) where "counsel for the prevailing party was forced to defend a statutory award of attorneys' fees"). In accordance with the holding in *Ramos* that an award of attorney fees should be based on reasonable hourly rates in effect at the time the fees are awarded, Plaintiff's Rule 39.2 motion in the Tenth Circuit was based on counsel's *current* hourly rates. Plaintiff also sought certain expenses incurred in connection with the appeal. *See Ramos*, 713 F.2d at 559 (allowing the recovery of "[i]tems that are normally itemized and billed in addition to the hourly rate"). Thus, Plaintiff sought a total of $100,180.00 in fees and $763.18 in expenses incurred on appeal.

On April 26, 2024, the Tenth Circuit issued an order, via a docket text entry, directing Defendants to "file a response setting forth any basis for objection to the motion" by May 10, 2024. Plaintiff does not know if Defendants will file such a response because Defendants' counsel has failed to respond to repeated inquiries regarding Defendants' position on appellate fees. However, if Defendants respond and object to Plaintiff's request, Plaintiff anticipates that the Tenth Circuit may remand that issue to this Court for determination. *See, e.g.*, *Kansas Judicial Watch v. Stout*, No. 06-4056-JAR, 2012 U.S. Dist LEXIS 41232, at *14 n.18, 2012 WL 1033634 (D. Kan. Mar. 27, 2012); *United Phosphorus Ltd. v. Midland Fumigant, Inc.*, 123 F. Supp. 2d 582, 586 (D. Kan. 2000).

Again, Plaintiff mentions this only to alert the Court to the possibility that this additional issue of fees on appeal may be on the horizon.

*Costs*

Plaintiff does not anticipate that this issue will require the Court's intervention but mentions it only because it will need to be resolved before the case is concluded.

Costs in this matter were previously taxed against Defendants in the amount of $43,223.67 on April 27, 2022 (Doc. 613), and that sum remains unpaid. On April 26, 2024, Plaintiff filed a Supplemental Bill of Costs covering taxable costs incurred in connection with the appeal. (Docs. 643 & 644). Defendants must file any objection to these supplemental costs by May 10, 2024. D. KAN. R. 54.1(b)(1). Thereafter, if either party is unhappy with the Clerk's taxation of the costs, the issue could come to this Court. D. KAN. R. 54.1(c).

*Post-Judgment Interest*

One final matter should be mentioned. Plaintiff believes he is entitled to post-judgment interest, as follows:

(a) On the money judgment of $60,000.00, from the date it was entered—September 21, 2021 (Doc. 571);

(b) On the recalculated fees to be awarded pursuant to his first motion for fees, from the date of the Court's original award—July 19, 2022 (Doc. 620);

(c) On the costs previously taxed, from the date they were taxed—April 27, 2022 (Doc. 613); and

(d) On any award of fees pursuant to his second motion for fees, any award of appellate fees, and any supplemental costs that are taxed, from the date(s) of the order(s) granting those amounts.

If Defendants disagree in any way, they should be required to raise the issue promptly so that it may be addressed by the Court.

## CONCLUSION

Although other issues may yet arise, for present purposes Plaintiff requests that the Court award him fees and expenses requested his first fee motion (Doc. 591) in the amount of $681,522.97 ($679,470.30 fees; $2,052.67 expenses), and fees and expenses requested in his second fee motion (Doc. 612) of $82,399.10 ($81,169.10 fees; $1,230.00 expenses).

Respectfully submitted,

/s/ Lyndon W. Vix
David G. Seely - #11397
Lyndon W. Vix - #12375
Ryan K. Meyer - #24340
FLEESON, GOOING, COULSON, & KITCH, L.L.C.
1900 Epic Center, 301 North Main
Wichita, Kansas 67202
T: (316) 267-7361 | F: (316) 267-1754
dseely@fleeson.com
lvix@fleeson.com
rmeyer@fleeson.com
*Attorneys for Plaintiff*